1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY TABAREZ, ) | No. C 07-4920 JF (PR) |
| ) | |
| Plaintiff, ) | ORDER OF SERVICE; |
| ) | DIRECTING DEFENDANTS |
| vs. ) | TO FILE DISPOSITIVE |
| ) | MOTION OR NOTICE |
| ) | REGARDING SUCH MOTION |
| JAMES TILTON, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against California state prison officials. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The Court will order service of the complaint on the named Defendants.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be

1  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
2  1988).
3     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
4  elements: (1) that a right secured by the Constitution or laws of the United States was
5  violated, and (2) that the alleged violation was committed by a person acting under the
6  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).
7     Having reviewed the complaint, the Court finds that Plaintiff's allegations,
8  liberally construed, state a cognizable claim that the named Defendants violated his First
9  Amendment rights by retaliating against him for the exercise of his constitutional rights.

## CONCLUSION

11     For the reasons stated above, the Court orders as follows:
12     1.   The Clerk of the Court shall issue summons and the United States Marshal
13  shall serve, without prepayment of fees, a copy of the complaint in this matter, all
14  attachments thereto, and a copy of this order upon **James Tilton, Director,** and **N.
15  Grannis, Chief of Inmate Appeals,** at the **California Department of Corrections and
16  Rehabilitation in Sacramento, California; Warden Robert L. Ayers, Associate
17  Warden Max. S. Lemon, Captain P. Speer,** and **Correctional Counselor B. Ebert** at
18  **San Quentin State Prison; Captain C. Plymesser, Correctional Counselor R. K.
19  Robinson, Correctional Counselor M. W. Ratliff,** and **Associate Warden G. A. Ortiz**
20  at the **Correctional Training Facility** in **Soledad, California**.  The Clerk shall also mail
21  courtesy copies of the complaint and this order to the California Attorney General's
22  Office.
23     2.   No later than **ninety (90) days** from the date of this order, Defendants shall
24  file a motion for summary judgment or other dispositive motion with respect to the claim
25  in the complaint as set forth above.
26        a.   If Defendants elect to file a motion to dismiss on the grounds that
27  Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.
28  § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to

1  Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v.
2  Terhune, 540 U.S. 810 (2003).
3           b.   Any motion for summary judgment shall be supported by adequate
4  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
5  Civil Procedure.  **Defendants are advised that summary judgment cannot be granted,**
6  **nor qualified immunity found, if material facts are in dispute.  If any Defendant is of**
7  **the opinion that this case cannot be resolved by summary judgment, he shall so**
8  **inform the Court prior to the date the summary judgment motion is due.**
9       3.   Plaintiff's opposition to the dispositive motion shall be filed with the Court
10  and served on Defendants no later than **thirty (30) days** from the date Defendants'
11  motion is filed.
12           a.   In the event Defendants file an unenumerated motion to dismiss
13  under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule
> 12(b) of the Federal Rules of Civil Procedure, on the ground you have not
> exhausted your administrative remedies.  The motion will, if granted, result
> in the dismissal of your case.  When a party you are suing makes a motion
> to dismiss for failure to exhaust, and that motion is properly supported by
> declarations (or other sworn testimony) and/or documents, you may not
> simply rely on what your complaint says.  Instead, you must set out specific
> facts in declarations, depositions, answers to interrogatories, or documents,
> that contradict the facts shown in the Defendant's declarations and
> documents and show that you have in fact exhausted your claims.  If you do
> not submit your own evidence in opposition, the motion to dismiss, if
> appropriate, may be granted and the case dismissed.

           b.   In the event Defendants file a motion for summary judgment, the
Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary  judgment by
> which they seek to have your case dismissed.  A motion for summary
> judgment under Rule 56 of the Federal Rules of Civil Procedure will, if
> granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

|   |   |
|---|---|
| 1 | summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial. |

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      4.     Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

      5.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      6.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

      7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

//

//

//

1    8.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
2 Court informed of any change of address and must comply with the Court's orders in a
3 timely fashion. Failure to do so may result in the dismissal of this action for failure to
4 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5    IT IS SO ORDERED.

6 DATED: 2/22/08

   JEREMY FOGEL
7  United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\pro-se\sj.jf\cr.07\Blankenship636srv      5

1  A copy of this ruling was mailed to the following:

2

3  Gregory Tabarez
C-22746
CSP-San Quentin
4  2-N-68L
San Quentin, CA 94974

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\pro-se\sj.jf\cr.07\Blankenship636srv          6