Mr. Gregory Tabarez
CDCR ID # C-22746
CSP-S.Q. 2-N-68L
San Quentin, CA 94974

In Pro se

FILED
08 APR -8 PM 12: 41
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY TABAREZ, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES TILTON, et al., <br><br> Defendants. | Case No. C 07-4920 JF (PR) <br><br> NOTICE OF MOTION AND MOTION FOR ORDER GRANTING IMMEDIATE RELIEF OF A PRELIMINARY INJUNCTION OR FOR A TEMPORARY RESTRAINING ORDER PREVENTING THE TRANSFER OF PLAINTIFF BY PRISON OFFICIALS (Fed. R. Civ. P. Rule 65(a).) |

PLEASE TAKE NOTICE that Plaintiff Gregory Tabarez, is a state prisoner proceeding without counsel in a civil action under 42 U.S.C. § 1983, will respectfully move the Court for an order granting immediate relief in the form of a preliminary injunction or for a temporary restraining order preventing prison officials herein San Quentin State Prison (SQ) from transferring plaintiff again without justification and thus engaging in unconstitutional conduct.

On September 21, 2007, Plaintiff filed a civil complaint in the Court against California Department of Corrections and Rehabilitation (CDCR) prison officials named in the complaint for violating Plaintiff's First Amendment rights by retaliating against him for exercising of his constitutional rights.

Plaintiff file a prison grievance and pursued a civil right litigation in

1

the Federal District for the Eastern District of California Case No. CIV S-04-0360 LKK EFB P., against old Folsom State Prison (FSP) officials for staging a riot on April 8, 2002. One of the Defendants Max S. Lemon, named in that complaint was reassigned to San Quentin, as associated warden and on December 6, 2006, had Plaintiff transferred from a level 2, prison to a level 3, prison Soledad Correctional Training Facility (CTF-North) because of the ongoing litigation against him. Plaintiff filed a prison grievance contenting the transfer to a level 3 prison was retaliatory and against his First Amendment. Thereafter, Plaintiff filed the instant civil complaint in this Court.

During this period in time, on November 15, 2007, Soledad CTF-North prison officials transferred Plaintiff back to San Quentin State Prison (SQ), and on November 28, 2007, Plaintiff appeared before General Population Division, Unit Classification Committee (UCC) for initial Review. On basis that "He was received at SQ Main on 11/15/07 from CTF as a result of a non-adverse transfer." (See copy of CDC-128 G, Classification Chrono, attached hereto as Ex. 1.)

Since, Plaintiff transfer back to SQ he has been reassigned to a job assignment without any problems and has been programming without incident. On February 22, 2008, this Court issued an Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion. The U.S. Northern District Court found "Having reviewed the complaint, the Court finds that Plaintiff's allegations, liberally constructed, state a cognizable claim that the named Defendants violated his First Amendment rights by retaliating against him for the exercise of his constitutional rights."

As a result of this Court order on March 28, 2008, Plaintiff received CDC-128-B-1 Notice of Classification Hearing that he would appear before UCC on April 1, 2008, for consideration of a major program change transfer. (See a copy of CDC-128-B chrono attached as Ex. 2.)

2

On April 1, 2008, Plaintiff appeared before UCC, and UCC recommended that his case appear before CDCR Classification Representatives (CSR) for transfer to either Level three Solano State Prison or Level three High Desert State Prison, even though Plaintiff is a Level two prisoner.

Plaintiff explained that he did not want a transfer, and that there was no justification and thus action by UCC was retaliatory to transfer him to a level three prison on the basis that he has a ongoing litigation against prison officials herein SQ. Furthermore, he was being punished for exercising his constitutional rights, and their action was basically saying to other prisoners herein SQ if you file a prison grievance and pursue a civil rights litigation in the courts we will transfer you interrupt your program causing you, your family hardship, and punish you by sending you to a higher level prison were there is no program or more restricted programs. UCC repudiated Plaintiff averments that the action were unconstitutional. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005)

### A. Irreparable Injury

To satisfy the requirement of irreparable injury, a plaintiff must demonstrate a "real or immediate threat that the[y] will be wronged again-a 'likelihood of substantial and immediate irreparable injury.'" City of Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S.Ct. 1660 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. 669); see also Lewis, 518 U.S. at 349, 116 S.Ct. 2174 (courts limited to "provid[ing] relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm"). "A state law enforcement agency may be enjoined from committing constitutional violations where there is proof that officers within the agency have engaged in a persistent pattern of misconduct." Thomas v. County of Los Angeles, 978 F.2d 504, 508 (9th Cir.

3

1992). See also <u>Walters v. Reno</u>, 145 F.3d 1032, 1048 (9th Cir. 1998) ("Injunctive relief is appropriate in cases involving challenges to government policies resulting in a pattern of constitutional violations.").

Here, Plaintiff was transferred on December 6, 2008, to a level three prison CTF-North with many restrictions, he was basically warehouse, as asserted in the complaint for exercising his First Amendment rights. And on November 15, 2007, was transferred back to SQ by CTF-North staff officials. Now, after this Court issued an order on February 22, 2008, for the Defendants to response to Plaintiff civil complaint he is being subjected to the same retaliatory action, as asserted in the complaint. <u>Gomez v. Vernon</u>, 255 F.3d 118, 1127-1128 (9th Cir. 2001); <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 & n. 4 (9th Cir. 1995) ("[T]he prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes. The retaliatory actions by prison officials are cognizable under § 1983 has also been widely accepted in other circuits."); <u>Rhodes</u>, 406 F.3d at p. 567.

As to Plaintiff's irreparable injuries, as mention in the complaint at page 12, ¶ 17, he is a 55-year old with chronic medical conditions, and one these conditions is Hypertension, these unjustified transfers cause undue stress causing Plaintiff blood pressure to elevate to a unsafe level which may result hemorrhage, excessive fluid loss, heart malfunction, Addison's disease, or other medical disorders. Plaintiff previous transfer to Soledad CTF-North caused him to go without proper medical care and medication for weeks. Furthermore, if this transfer would create additional litigation with additional defendants, and the fact that the receiving institution would condone such conduct by SQ prison officials of violating Plaintiff's constitutional rights, there would be a question of deliberate indifference on their part, and thus causing Plaintiff to be transferred again. See <u>Gomez v. Vernon</u>,

4

1  255 F.3d at pp. 1126-1127.

2

3                              CONCLUSION

4  There is no penological interest, or justification for transferring
5  Plaintiff other than to create a hardship upon Plaintiff and his family, and
6  to create a chilling effect upon him and other prisoners to prevent them from
7  exercising their First Amendment rights. As such Plaintiff respectfully
8  requests for the Court to intervene with a preliminary injunction or for a
9  temporary restraining order preventing the transfer of Plaintiff without just
10 cause, or without briefing the Court.

11                                            Respectfully submitted,

12 Dated: April 6, 2008
                                              Gregory Tabarez/Plaintiff
13                                            In Pro se

14                              VERIFICATION

15 STATE OF CALIFORNIA )
   COUNTY OF MARIN     ) ss   (C.C.P. § 446 & 2015.5; U.S.C. § 1746)
16

17   I, Gregory Tabarez, Plaintiff in the above-entitled cause of action,
18 declare under the penalty of perjury that: I have read the foregoing documents
19 pages 1 through 5, and know the contents thereof, and the same it true of my
20 own knowledge except as the matters stated therein upon information and belief
21 and as to those matters I believe to be true.
22   Executed this 6, day of April 2008, at San Quentin State Prison, in the
23 County of Marin, California.

24                                            Declarant/Gregory Tabarez

25

26

27

28                                  5.

# EXHIBIT 1

# EXHIBIT 2

CDC-128-G (REV 2/69)

N2-682

| | | | | | |
|---|---|---|---|---|---|
| No.: | C22746 | Name: TABAREZ | CS/LV: 19/II/LIF | Next Class: | 9/24/08 |
| Custody: | CLOSE B | | Release Date: MEPD 11/20/2022 | Assignment: | PIA AND SUPPORT SERVICES W/L |
| | | | | WG: A-1 PG: A | |
| Comment: | INITIAL CLASSIFICATION - | REMOVE ORI. ESTABLISH CUSTODY AT CLOSE B, WG/PG A1/A, PLACE ON PIA AND SUPPORT SERVICES W/L, RETAIN IN NORTH BLOCK | | | EFF 9/8/06 |

Subject appeared before the General Population Division, Unit Classification Committee (UCC) for Initial Review. Subject is a 54 year old (DOB 5/6/53) Mexican Multi termer, received in CDC on 9/24/96 to serve a 28 years to Life term from Sacramento County for HS 11350A Possession of Controlled Substance (3 Strikes). He was received at SQ Main on 11/15/07 from CTF as a result of a non-adverse transfer.

**CASE FACTORS: County of Residence:** Sacramento. **Holds/warrants/detainers:** Clear. **Escapes:** Clear. **Arson:** Clear. **Sex Offenses:** Clear - SVP not applicable. **Notice/Registration:** PC 296 and HS 11590. **CDC 812:** Enemies noted. Disruptive Group noted: Norteno Member. **Disciplinary:** CDC 115 dated 2/15/05 Introducing Heroin into a State Prison for Distribution, 2/13/01 Mutual Combat, 3/5/98 Hair Longer than 3 Inches, 6/20/97 Mutual Combat. **Medical:** TB Code 32 per CDC 128C dated 9/13/07, Full Duty and Food Service cleared per CDC 128-C1 dated 12/6/06 No medical concerns noted. **Psychiatric:** Mental Health Screening completed per CDC 128-C dated 12/14/05, Psych cleared per CDC 128-C dated 12/14/05. Does not meet criteria for MDO referral. **GPL:** 9.4 . **Foreign Prisoner Transfer Treaty Program:** Not applicable. **Confidential:** Clear. **Program Eligibility:** Subject is deemed MSF, Camp, CCF, Restitution Center, COCF and SATF/SAP ineligible due to Life sentence. **Status of Restitution:** None reflected in the file and DDPS does not reflect a current balance . **Other:** Subject's CDC-812 has been reviewed and updated as appropriate. Subject was reviewed for single-cell status per DOM #. 72020.9.1 and does not meet the criteria for 'S' suffix. Caseworker notes Subject's identification photograph is current. Subject stated and indicated he could remain double-celled. Subject's case was reviewed for visiting restrictions per CCR 3173.1/3177 and a visiting restriction is not warranted.

**COMMITTEE ACTION:** UCC acts to remove Subject from orientation, set custody at Close B based upon case factors, assign WG/PG: A1/A effective 09/8/06, based on initial placement, place on the PIA and Support Services waiting list based upon job skills, and retain SQ Main. PC 2930/2933 have been complied with. Subject acknowledged he received 72-hour prior written notice of this hearing. Subject indicates that he understands and agrees with the committee action and was advised of his appeal rights.

COMMITTEE MEMBERS: T. FRATES, FC (A)
L. CAHAYLA, CCII
B. EBERT, CCI
W. REEVES, EDUCATION

T. FRATES, FC (A)
CHAIRPERSON

B. EBERT, CCI
RECORDER

Distribution: Original - C-File
Inmate
CC-I

Date: 11/28/07   (page 1 of 1)    CLASSIFICATION: INITIAL    INST. SQ

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# NOTICE OF CLASSIFICATION HEARING

| INMATE NAME | NUMBER | DATE |
|---|---|---|
| TABAREZ | C-22746 | 03/27/08 |

YOU WILL APPEAR BEFORE A CLASSIFICATION COMMITTEE ON 04/01/08 FOR CONSIDERATION OF A MAJOR PROGRAM CHANGE AS FOLLOWS:

☒ TRANSFER  ☐ INCREASE IN CUSTODY  ☐ ASSIGNMENT TO SECURITY HOUSING
☐ REMOVAL FROM PROGRAM  ☐ OTHER: _____

| STAFF NAME | TITLE | INSTITUTION |
|---|---|---|
| M. MCGARVEY | CC-I | SQ |

Orig: C-File
cc: Inmate

CDC 128-B 1 (1/76)

# DECLARATION OF SERVICE BY MAIL

I, __Abel Esparza__, the undersigned, declare:
   Printed Name of Declarant

I am over the age of 18 years, a citizen of the United States of America, and am not a party to the cause within. My residence address is:

>   CDC No. __K61474__   Housing __2N 97 up__
>   San Quentin State Prison
>   San Quentin, CA 94974

On __April 6,__ , __2008__ , I served the following document(s):
   Month/Day         Year

NOTICE OF MOTION AND MOTION FOR ORDER GRANTING IMMEDIATE RELIEF OF A PRELIMINARY INJUNCTION OR FOR A TEMPORARY RESTRAINING ORDER PREVENTING THE TRANSFER OF PLAINTIFF BY PRISON OFFICIALS CASE NO. C 07-4920 JF (PR)

on the parties and at the addresses described below by placing the pleadings in a sealed envelope, with postage fully prepaid, and presented said item(s) to Corrections Department staff for mailing in the United States Mail as per the rules and regulations governing outgoing legal mail at San Quentin State Prison.

| OFFICE OF THE CLERK, U.S. DISTRICT COURT | Office of the Attorney General |
| NORTHERN DISTRICT OF CALIFORNIA | 1300 I Street, Suite 125 |
| 450 GOLDEN GATE AVENUE | P.O. Box 944255 |
| SAN FRANCISCO, CA 94102 | Sacramento, CA 94244-2550 |

I swear under penalty of perjury that the foregoing is true of my own personal knowledge. Executed on this __6__ day of __April__, __2008__, at San Quentin, CA, County of Marin.

_____
Signature of declarant





TO: OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102



94102$3551 CO04

Mr. Gregory Tabarez
CDCR ID # C-22746
CSP-S.Q. 2-N-68L
San Quentin, CA 94974





CONFIDENTIAL LEGAL MAIL