```
 1  EDMUND G. BROWN JR.
    Attorney General of the State of California
 2  DAVID S. CHANEY
    Chief Assistant Attorney General
 3  FRANCES T. GRUNDER
    Senior Assistant Attorney General
 4  THOMAS S. PATTERSON
    Supervising Deputy Attorney General
 5  TRACE O. MAIORINO, State Bar No. 179749
    Deputy Attorney General
 6    455 Golden Gate Avenue, Suite 11000
      San Francisco, CA 94102-7004
 7    Telephone: (415) 703-5975
      Fax: (415) 703-5843
 8    Email: Trace.Maiorino@doj.ca.gov

 9  Attorneys for Defendants Lemon, Ayers, Tilton, Ebert,
    Ortiz, Plymesser, Robinson, Ratliff, and Grannis
10
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| GREGORY TABAREZ, | C 07-4920 JF |
|---|---|
| Plaintiff, | DECLARATION OF DEFENDANT B. EBERT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| JAMES TILTON, et al., | |
| Defendants. | |

I, B. Ebert, declare the following:

1. I have been employed by the California Department of Corrections and Rehabilitation (CDCR) since October 2000. I have been assigned to the California State Prison - San Quentin (San Quentin) since December 2000. I currently serve in the capacity of Correctional Counselor I.

2. I have reviewed Plaintiff's complaint filed in this lawsuit and the attached exhibits.

3. As a Correctional Counselor I, my duties require me to participate as a Unit Classification Committee (UCC) member. During the UCC hearings I serve as the recorder. As

the recorder, it is my responsibility to memorialize the UCC hearing and to record the most pertinent information from the UCC hearing.

4. On December 4, 2006, Plaintiff appeared before the UCC for a hearing. At the hearing, Plaintiff was recommended for a transfer from San Quentin to a different facility. At the time Plaintiff appeared before the UCC, I understood that he had filed a lawsuit in 2002 against Defendant Lemon. At the UCC hearing, Plaintiff was recommended for transfer to ensure that Defendant Lemon's role as Chief Deputy Warden at San Quentin had no bearing on Plaintiff's lawsuit against Defendant Lemon and to prevent any possible allegation of perceived retaliation of any nature against Plaintiff. At the hearing, the UCC recommended Plaintiff for transfer to a different prison.

5. As part of my duties as the CCI, I contacted Plaintiff and asked if there were any prisons that he wanted to be transferred to from San Quentin. Although he did not want to be transferred from San Quentin, he requested that he be transferred to the Correctional Training Facility (CTF) or to California State Prison - Solano (Solano) because these facilities were located near Sacramento, CA, where his family resided. At the hearing, the UCC recommended that Plaintiff be transferred to CTF or Solano.

6. I understand that Plaintiff's classification score is nineteen points. Inmates with a classification score of nineteen points are identified as Level II inmates. Further, I understand that Plaintiff is serving a twenty-eight-years-to-life sentence and is a Close-B inmate. Given the fact that Plaintiff is a Close-B inmate, there are few Level II institutions at which he could be housed. CTF is an institution that houses Level II inmates with Close-B custody status. Thus, it was appropriate to recommend Plaintiff to be transferred to CTF, Level II.

7. As stated above, my duties require me to record the UCC hearings. At the December 4, 2006 UCC hearing, I did this by memorizing the pertinent information in a document identified as a CDC 128-G. Generally, I have up to thirty days to prepare the CDC 128-G. However, following Plaintiff's appearance before the December 4, 2006 UCC, I prepared the CDC 128-G and provided Plaintiff with a copy on December 5, 2006. A true and correct copy of the DECEMBER 4, 2006 CDC 128-G is attached as Exhibit A.

Decl. Def. Ebert Supp. Defs.' Mot. Summ. J.    *G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

8. At the UCC hearing, I did not have the authority or responsibility to reject or prevent the UCC's recommendation that Plaintiff be transferred to another prison. Although I did not believe that the recommendation was improper, if I believed it to be improper, I could have stated my belief in the December 4, 2006 CDC 128-G. However, this would not have changed the outcome or stopped Plaintiff's transfer.

9. This declaration is based on personal knowledge, except where indicated to be based on information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct of my own knowledge.

Executed on May 28, 2008 at San Quentin, California.


B. EBERT

Decl. Def. Ebert Supp. Defs.' Mot. Summ. J.

G. Tabarez v. J. Tilton, et al.
C 07-4920 JF

3