IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY TABAREZ,<br><br>                Plaintiff,<br><br>v.<br><br>JAMES TILTON, et al.,<br><br>                Defendants. | C 07-4920 JF<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS |

    This is a prisoner-civil-rights suit against state prison officials. Defendants Lemon, Ayers, Tilton, Ebert, Ortiz, Plymesser, Robinson, Ratliff, and Grannis (Defendants) have moved for summary judgment against Plaintiff Tabarez's civil-rights claim, which he brought under 42 U.S.C. § 1983. Additionally, Defendants Ayers, Tilton, Ebert, Ortiz, and Grannis filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). After fully considering the parties' arguments, the Court grants Defendants' motions and makes the following orders:

    To prevail on a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. *See Barnett v. Centoni,* 31 F.3d 813, 815-16 (9th Cir. 1994). Plaintiff cannot meet his burden because his transfer from San Quentin served legitimate penological interests, in that it sought to

Order Granting Defs.' Mot. Summ. J. & Mot. Dismiss             *G. Tabarez v. J. Tilton, et al.*<br>
C 07-4920 JF

1

protect Plaintiff, correctional staff, and the institution itself.

Plaintiff's transfer from San Quentin was a precautionary measure that sought to protect him and eliminate any potential allegation of wrongdoing. Specifically, the request to transfer Plaintiff to a different prison was to ensure that Defendant Lemon's role as the Chief Deputy Warden had no bearing on a prior lawsuit filed by Plaintiff against him and to prevent any possible allegation of perceived retaliation of any nature. Moreover, Plaintiff's transfer eliminated any potential threat that Plaintiff and other inmates may be led to believe that Plaintiff's lawsuit against Defendant Lemon would cause prison officials to be less likely to enforce prison discipline to avoid allegations of retaliation. Thus, Plaintiff was properly transferred from San Quentin because it served legitimate penological interests and Defendants may not be held liable for violating Plaintiff's constitutional rights.

Moreover, to state a claim for a constitutional violation, a plaintiff must set forth facts proximately connecting the individual defendants to the loss the plaintiff claims to have suffered. *Leer v. Murphy*, 844 F. 2d 628, 633 (9th Cir. 1988). Vague and conclusory allegations concerning involvement of personnel in civil-rights violations are insufficient to survive. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F. 2d 266, 268 (9th Cir. 1982). In his complaint, Plaintiff failed to state any factual basis for his allegations against Defendants Tilton, Grannis, Ortiz, Plymesser, Robinson, Ratliff, and Ebert. As such, these Defendants may not be held liable.

Plaintiff may not hold Defendants Ayers, Tilton, Ebert, Ortiz, and Grannis liable for their role in the inmate-grievance appeals process. Inmates do not have a constitutional right to file prisoner administrative appeals or inmate grievances. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) A prison grievance procedure is a procedural right only, and it does not confer any substantive right upon the inmates. In the absence of any evidence of wrongdoing, these Defendants may not be held liable for their actions taken as part of the appeals process and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Defendants are also entitled to qualified immunity because their conduct did not violate clearly established statutory or constitutional rights of which a reasonable official would have

Order Granting Defs.' Mot. Summ. J. & Mot. Dismiss    G. Tabarez v. J. Tilton, et al.
C 07-4920 JF

2

known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The law in effect at the time did not show that Defendants' actions were clearly unlawful. First, Plaintiff has no constitutional right to his prison of choice. *Montanye v. Haymes*, 427 U.S. 236, 243 (1976). Second, correctional officers have been granted qualified immunity for their decision to transfer a prisoner to preserve internal order and discipline and to maintain internal security. *Schroeder v. McDonald*, 55 F.3d 454, 461-62 (9th Cir. 1995). Plaintiff was transferred to ensure that any potential for adverse action against him because of a lawsuit he had filed was eliminated. Additionally, he was transferred as a means to avoid any perception that prison authorities' potential adverse actions against him were because of a pending lawsuit. Additionally, Defendants involved in Plaintiff's administrative appeal would not have known that by denying his inmate appeal, they were violating his constitutional rights. Thus, for these reasons, a reasonable officer could believe that Defendants were not violating Plaintiff's constitutional rights. Accordingly, Defendants are entitled to qualified immunity.

IT IS HEREBY ORDERED that summary judgment is entered in favor of Defendants and against Plaintiff and this action be dismissed with prejudice and Defendants are granted qualified immunity. It is further ordered that this action is dismissed against Ayers, Tilton, Ebert, Ortiz, and Grannis under Federal Rule of Civil Procedure 12(b)(6).

IT IS SO ORDERED.

Dated:_____

THE HONORABLE JEREMY FOGEL
United States District Judge

Order Granting Defs.' Mot. Summ. J. & Mot. Dismiss

G. Tabarez v. J. Tilton, et al.
C 07-4920 JF

3

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   G. Tabarez v. J. Tilton, et al.

No.:   C 07-4920 JF

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 5, 2008, I served the attached

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF DEFENDANT G. ORTIZ IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**DECLARATION OF DEFENDANT B. EBERT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**DECLARATION OF DEFENDANT C. PLYMESSER IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**DECLARATION OF TRACE O. MAIORINO IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**[Proposed] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Gregory Tabarez, C-22746  
High Desert State Prison  
P.O. Box 2210  
Susanville, CA 96127-2210  
*Pro Per*

Gregory Tabarez, C-22746  
CCC  
P.O. Box 790  
Susanville, CA 96127-0790  
*Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 5, 2008, at San Francisco, California.

|  |  |
|---|---|
| T. Oakes | /s/ T. Oakes |
| Declarant | Signature |

20115293.wpd