1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  THOMAS S. PATTERSON
   Supervising Deputy Attorney General
5  TRACE O. MAIORINO, State Bar No. 179749
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5975
     Fax: (415) 703-5843
8    Email: Trace.Maiorino@doj.ca.gov

9  Attorneys for Defendants Lemon, Ayers, Tilton, Ebert,
   Ortiz, Plymesser, Robinson, Ratliff, and Grannis
10

11
                    IN THE UNITED STATES DISTRICT COURT
12
                    FOR THE SOUTHERN DISTRICT OF CALIFORNIA
13
                              SAN JOSE DIVISION
14

15 | GREGORY TABAREZ,              | C 07-4920 JF

16 |                    Plaintiff, | DEFENDANTS' NOTICE OF
   |                               | MOTION AND MOTION FOR A
17 |      v.                       | STAY OF DISCOVERY PENDING
   |                               | RULING ON DEFENDANTS'
18 | JAMES TILTON, et al.,         | MOTION FOR SUMMARY
   |                               | JUDGMENT
19 |                    Defendants.|

20
21      TO PLAINTIFF GREGORY TABAREZ, IN PRO SE:

22      PLEASE TAKE NOTICE THAT Defendants Lemon, Ayers, Tilton, Ebert, Ortiz,

23 Plymesser, Robinson, Ratliff, and Grannis (Defendants) move this Court for an order staying all

24 discovery until the Court has ruled on Defendants' motion for summary judgment.

25      This motion is based on this notice of motion, the supporting memorandum of points and

26 authorities, the attached declaration, and the Court's file in this action.

27 ///

28 ///

Defs.' Not. Mot. & Mot. Stay Disc. Pending Defs.' Mot. Summ. J.                Tabarez v. Tilton et al.
                                                                                        C 07-4920 JF

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE CASE

On September 21, 2007, Plaintiff, a California state prisoner, filed his complaint pro se under 42 U.S.C. § 1983 against prison officials at San Quentin and against officials at the Correctional Training Facility (CTF). In his complaint, Plaintiff alleges that Defendants violated his rights under the First Amendment because he was transferred from San Quentin to CTF. (Compl.)

At the time of the allegations in the complaint, Defendant Tilton was the Secretary of CDCR, Defendant Ayers was the Warden at San Quentin, and Defendant Lemon served as the Chief Deputy Warden at San Quentin. In addition, Defendant Ebert served as a Correctional Counselor I who sat on the Unit Classification Committee (UCC) that referred Plaintiff for a transfer to CTF. Once at CTF, Defendants Plymesser, Robinson, and Ratliff sat on another UCC, and Defendant Ortiz reviewed an administrative appeal submitted by Plaintiff. Finally, Defendant Grannis served as the Director of the Inmate Appeals Branch that denied Plaintiff's inmate appeals.

The Court found that Plaintiff had stated a cognizable claim of retaliation against these Defendants and allowed Plaintiff to proceed with his § 1983 action. (Order of Service at 2.) The Court directed Defendants to file a dispositive motion no later than June 5, 2008. (*Id.*) Defendants filed a motion for summary judgment on the grounds that they did not violate Plaintiff's First Amendment rights and that they are entitled to qualified immunity.

## ARGUMENT

**I. Discovery in this Case Should be Stayed Pending a Ruling on Defendants' Motion for Summary Judgment on the Threshold Question of Qualified Immunity.**

The Supreme Court has made it clear that a district court should stay discovery until the threshold question of qualified immunity is settled. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("If the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery"); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Anderson*, the Court reiterated that

Defs.' Not. Mot. & Mot. Stay Disc. Pending Defs.' Mot. Summ. J.   Tabarez v. Tilton et al.
C 07-4920 JF

2

"[o]ne of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson*, 483 U.S. at 646 (internal quotation marks omitted).

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). The Ninth Circuit has held, "[a] stay of discovery pending the resolution of another issue is proper if discovery would not affect a decision on that issue." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

To require Defendants to respond to Plaintiff's further discovery at this time would defeat the important basis of the qualified immunity standard. A stay in discovery would allow for the issue of qualified immunity to be disposed of before Defendants are required to respond to any additional discovery, including discovery motions. A stay will not interfere with the decision on Defendants' pending motion for summary judgment. Plaintiff has had the opportunity to propound discovery on Defendants and receive responses to his discovery requests. (Decl. Maiorino ¶ 2.) On May 2, 2008, Defendant Ortiz served his responses to Plaintiff's interrogatories, request for production of documents, and requests for admissions. (*Id.*) On May 30, 2008 Defendants Tilton and Ebert served their responses to Plaintiff's interrogatories, request for production of documents, and requests for admissions. (*Id.*) On June 2, 2008, Defendant Plymesser served her responses to Plaintiff's interrogatories, request for production of documents, and requests for admissions. (*Id.*) On June 23, 2008, Defendants Ratliff, Robinson, Ayers, and Lemon served their responses to Plaintiff's interrogatories, request for production of documents, and requests for admissions. (*Id.*) Defendant Grannis served her responses to Plaintiff's interrogatories and request for admissions on June 23, 2008. (*Id.*) As such, Plaintiff will suffer no prejudice as a result of a stay of discovery in this matter.

/ / /

/ / /

/ / /

/ / /

Defs.' Not. Mot. & Mot. Stay Disc. Pending Defs.' Mot. Summ. J.    *Tabarez v. Tilton et al.*
C 07-4920 JF

3

# CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this motion to stay discovery pending the Court's ruling on Defendants' motion for summary judgment on the threshold question of qualified immunity.

Dated: July 2, 2008

        Respectfully submitted,

        EDMUND G. BROWN JR.
        Attorney General of the State of California

        DAVID S. CHANEY
        Chief Assistant Attorney General

        FRANCES T. GRUNDER
        Senior Assistant Attorney General

        THOMAS S. PATTERSON
        Supervising Deputy Attorney General

        */s/ Trace Maiorino*

        TRACE O. MAIORINO
        Deputy Attorney General
        Attorneys for Defendants Lemon, Ayers, Tilton, Ebert, Ortiz, Plymesser, Robinson, Ratliff, and Grannis

20118374.wpd
SF2008400989

Defs.' Not. Mot. & Mot. Stay Disc. Pending Defs.' Mot. Summ. J.    *Tabarez v. Tilton et al.*    C 07-4920 JF

4