# EXHIBIT I

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  THOMAS S. PATTERSON
   Supervising Deputy Attorney General
5  TRACE O. MAIORINO, State Bar No. 179749
   455 Golden Gate Avenue, Suite 11000
6  San Francisco, CA  94102-7004
   Telephone: (415) 703-5975
7  Fax: (415) 703-5483
   Email:  Trace.Maiorino@doj.ca.gov
8
   Attorneys for Defendants Lemon, Ayers, Tilton, Ebert,
9  Ortiz, Plymesser, Robinson, Ratliff, and Grannis

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14

15  **GREGORY TABAREZ,**                    C 07-4920 JF

                              Plaintiff,   **DEFENDANT RATLIFF'S**
16                                         **RESPONSES TO**
                                           **PLAINTIFF'S REQUESTS**
17        v.                               **FOR ADMISSIONS**

    **JAMES TILTON, et al.,**
18
                              Defendants.
19

20  **PROPOUNDING PARTY:** Plaintiff, Gregory Tabarez

21  **RESPONDING PARTY:** Defendant, M.W. Ratliff

22  **SET NUMBER:** One

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Def. Ratliff's Resp. Pl.'s Req. For Admis.                    G. Tabarez v. J. Tilton, et al.
                                                                  C 07-4920 JF

                                    1

1  REQUEST FOR ADMISSION NO. 1:

2      ADMIT that December 20, 2006, Plaintiff Initial UCC at CTF-North he explained to you

3  and UCC that he was transferred because he had a ongoing litigation against Associate Warden

4  (A/W) Max S. Lemon, and that his transfer on these basis was a violation of his First

5  Amendment rights and that he wanted to be transferred back to SQ?

6  RESPONSE TO REQUEST FOR ADMISSION NO. 1:

7      Objection. Defendant objects to this request because it is irrelevant to the claim or defense

8  of any party. Without waiving the foregoing objection, Defendant responds as follows:

9      Defendant admits that at the December 20, 2006 Unit Classification Committee (UCC),

10  Plaintiff stated that he wanted to be housed at California State Prison - San Quentin (San

11  Quentin). Following a reasonable investigation of all available resources, Defendant does not

12  have sufficient information to admit or deny the remainder of the request.

13  REQUEST FOR ADMISSION NO. 2:

14      ADMIT that you could have recommended that Plaintiff be transfer back to SQ Level two?

15  RESPONSE TO REQUEST FOR ADMISSION NO. 2:

16      Denied.

17  REQUEST FOR ADMISSION NO. 3:

18      ADMIT where Plaintiff was housed Soledad State Prison Correctional Training Facility

19  (CTF-North) A-yard Rainier Hall cell 136L is a Level III, accordance with California Code of

20  Regulations Title 15. Crime Prevention and Corrections (Tit. 15, CCR § 3375.1. Inmate

21  Placement. (a)(3).

22  RESPONSE TO REQUEST FOR ADMISSION NO. 3:

23      Denied.

24  REQUEST FOR ADMISSION NO. 4:

25      ADMIT to transfer a inmate on the basis that he initiate or maintaining a lawsuit against a

26  correctional staff officials is in violation of CDCR rules, policies.

27  RESPONSE TO REQUEST FOR ADMISSION NO. 4:

28      Objection. Defendant objects to this request because it is incomprehensible as phrased. On

Def. Ratliff's Resp. Pl.'s Req. For Admis.         *G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

2

1 | that basis, the request is denied.

2 | REQUEST FOR ADMISSION NO. 5:

3 |     ADMIT that after you learned the reasons why Plaintiff was transferred to CTF-North you

4 | did not inquire or question the legality of Plaintiff transfer.

5 | RESPONSE TO REQUEST FOR ADMISSION NO. 5:

6 |     Objection. Defendant objects to this request because it is irrelevant to the claim or defense

7 | of any party. Defendant objects to this request because it is vague and ambiguous as to "learned

8 | the reasons" and "legality." Defendant objects to this request because it is vague and ambiguous

9 | as to time and as to which transfer. Without waiving the foregoing objection, Defendant

10 | responds as follows:

11 |     Defendant admits that he did not investigate the reason for Plaintiff's December 6, 2006

12 | transfer to CTF.

13 | REQUEST FOR ADMISSION NO. 6:

14 |     ADMIT you are employed by CDCR and you are responsible for monitoring of compliance

15 | with enforcing of CDCR rules, policies, and state law and federal law, and you are familiar with

16 | Tit. 15, CCR §§ 3084.1. Right to Appeal.(a)(d); 3160. Inmate Access to Court.(a).

17 | RESPONSE TO REQUEST FOR ADMISSION NO. 6:

18 |     Objection. Defendant objects to this request because it is vague and ambiguous as drafted,

19 | particularly the phrase "responsible for monitoring of compliance with enforcing." The

20 | interrogatory is unduly burdensome, overly broad, and lacks any reasonable limitation in scope

21 | because it seeks information about rules, policies, procedures, and laws that are not relevant to

22 | the claims or defenses of either party. Defendant objects to this interrogatory because it calls for

23 | a legal opinion and is compound. Without waiving the foregoing objections, Defendant responds

24 | as follows:

25 |     Defendant admits that he is employed by the California Department of Corrections and

26 | Rehabilitation (CDCR). As a Correctional Counselor I, Defendant admits that he is required to

27 | follow the California Code of Regulations, title 15, CDCR policies, federal law, and state law.

28 | Defendant denies that his specific job duties require him to ensure that other CDCR employees

Def. Ratliff's Resp. Pl.'s Req. For Admis.

*G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

1 │ comply with the California Code of Regulations, title 15, CDCR policies, federal law, or state

2 │ law. Defendant admits that he is familiar with California Code of Regulations, title 15, §§

3 │ 3084.1 and 3160.

4 │ REQUEST FOR ADMISSION NO. 7:

5 │     ADMIT to have a inmate transferred within two (2) days after UCC approves a transfer

6 │ requires authorization.

7 │ RESPONSE TO REQUEST FOR ADMISSION NO. 7:

8 │     Objection. Defendant objects to this request because it is vague and ambiguous as to "UCC

9 │ approves" and "authorization." Without waiving the foregoing objections, Defendant responds

10 │ as follows:

11 │     Defendant admits that after the UCC recommends an inmate for transfer, the inmate must be

12 │ endorsed for the transfer by a Classification Staff Representative.

13 │ REQUEST FOR ADMISSION NO. 8:

14 │     ADMIT you were part of UCC that had Plaintiff transferred back to SQ on November 15,

15 │ 2007, and this transfer was performed within a normal time frame of about 45 days from UCC.

16 │ / / /

17 │ / / /

18 │ / / /

19 │ / / /

20 │ / / /

21 │ / / /

22 │ / / /

23 │ / / /

24 │ / / /

25 │ / / /

26 │ / / /

27 │ / / /

28 │ / / /

Def. Ratliff's Resp. Pl.'s Req. For Admis.

*G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

4

1    RESPONSE TO REQUEST FOR ADMISSION NO. 8:

2         Objection. Defendant objects to this request on the grounds that it is irrelevant to the claim

3    or defense of any party, overly broad, and it is exceedingly burdensome because Plaintiff seeks

4    information about an event that allegedly occurred after he commenced this lawsuit on

5    September 21, 2007. Based on the foregoing objections, no further response shall be given.

6         Dated: June 17, 2008

7                              Respectfully submitted,

8                              EDMUND G. BROWN JR.
                              Attorney General of the State of California

9                              DAVID S. CHANEY
                              Chief Assistant Attorney General

10                             FRANCES T. GRUNDER
                              Senior Assistant Attorney General

11
                              THOMAS S. PATTERSON
12                             Supervising Deputy Attorney General

13

14

15                             TRACE O. MAIORINO
                              Deputy Attorney General
16                             Attorneys for Defendants Lemon, Ayers, Tilton, Ebert, Ortiz,
                              Plymesser, Robinson, Ratliff, and Grannis
17

18   40257783.wpd

19   SF2008400989

20

21

22

23

24

25

26

27

28

Def. Ratliff's Resp. Pl.'s Req. For Admis.                                    G. Tabarez v. J. Tilton, et al.
                                                                                          C 07-4920 JF

5

# EXHIBIT J

1   EDMUND G. BROWN JR.
   Attorney General of the State of California
2   DAVID S. CHANEY
   Chief Assistant Attorney General
3   FRANCES T. GRUNDER
   Senior Assistant Attorney General
4   THOMAS S. PATTERSON
   Supervising Deputy Attorney General
5   TRACE O. MAIORINO, State Bar No. 179749
   455 Golden Gate Avenue, Suite 11000
6   San Francisco, CA 94102-7004
   Telephone: (415) 703-5975
7   Fax: (415) 703-5483
   Email: Trace.Maiorino@doj.ca.gov

8

  Attorneys for Defendants Lemon, Ayers, Tilton, Ebert,
9   Ortiz, Plymesser, Robinson, Ratliff, and Grannis

10

11            IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                SAN JOSE DIVISION

14

  **GREGORY TABAREZ,**             C 07-4920 JF
15
                  Plaintiff,   **DEFENDANT AYERS'S**
16                      **RESPONSES TO**
         **v.**                 **PLAINTIFF'S REQUESTS**
17                      **FOR ADMISSIONS**
  **JAMES TILTON, et al.,**
18
                Defendants.
19

20   **PROPOUNDING PARTY:** Plaintiff Gregory Tabarez

21   **RESPONDING PARTY:** Defendant Ayers

22   **SET NUMBER:** One

23   <u>REQUEST FOR ADMISSION NO. 1:</u>

24       ADMIT as an employee of the California Department of Corrections and Rehabilitation

25   (CDCR) and the warden of San Quentin State Prison (SQ) are you responsible for enforcing of

26   rules, policies and procedures established in California Code of Regulations Title 15. Crime

27   Prevention and Corrections (Tit. 15, CCR §§ 3084.1(a)(d) and 3160.(a)) which provides in

28   pertinent parts: 3084.1.(a)(d) "No reprisal **shall** be taken against an inmate or parolee for filing

Def. Ayers's Resp. Pl.'s Req. Admis.                       *G. Tabarez v. J. Tilton, et al.*
                                                        C 07-4920 JF

1

1   and appeal." and 3160.(a) "Staff **shall** not in any way retaliate against or discipline any inmate

2   for initiating or maintaining a lawsuit?

3   RESPONSE TO REQUEST FOR ADMISSION NO. 1:

4        Objection. Defendant objects to this request because it is vague and ambiguous as drafted.

5   Defendant objects to this request because it calls for a legal opinion. Further to the extent this

6   request seeks any information that does not concern the specific subject matter in this suit, the

7   request seeks information irrelevant to the claims and defenses, and is unduly burdensome. The

8   request is overly broad and lacks any reasonable limitation in time or scope. Without waiving

9   the foregoing objections, Defendant responds as follows:

10       Defendant admits that as Warden of San Quentin it is his duty to formulate and execute a

11  progressive plan for the care, treatment, discipline, custody, and employment of inmates;

12  formulate and execute administrative policies and programs for the institution; and to interpret

13  policies and outline plans and procedures to employees. Defendant denies the remainder of the

14  request because it is incomprehensible to him.

15  REQUEST FOR ADMISSION NO. 2:

16       ADMIT as warden of SQ you are Second Level of review of CDCR inmate appeal process

17  and as such you read Plaintiff CDC-602 appeal form Log No. 07-00593, which is contained in

18  Plaintiff's Complaint as Exhibit A, and is signed by you?

19  RESPONSE TO REQUEST FOR ADMISSION NO. 2:

20       Objection. Defendant objects to this request on the grounds that it is vague and ambiguous

21  as to the meaning of "you are Second Level of review." Defendant objects to this request

22  because it is unduly burdensome. Without waiving the foregoing objections, Defendant responds

23  as follows:

24       Defendant admits that as Warden he signed the April 24, 2007 Second Level Appeal

25  Response following a review of Plaintiff's inmate appeal, Log Nos. SQ 07-718 and CTF 07-

26  00593. Defendant admits that a copy of the April 24, 2007 Second Level Response and the

27  inmate appeal, Log Nos. SQ 07-718 and CTF 07-00593, is attached to the complaint in this

28  action.

Def. Ayers's Resp. Pl.'s Req. Admis.                          *G. Tabarez v. J. Tilton, et al.*
                                                              C 07-4920 JF

1 | REQUEST FOR ADMISSION NO. 3:

2 |    ADMIT it is common practice for CDCR to transfer inmates who initiate and maintain a

3 | lawsuit against a correctional staff or officials that violate an inmate's constitutional rights?

4 | RESPONSE TO REQUEST FOR ADMISSION NO. 3:

5 |    Objection. Defendant objects to this request on the grounds that it is vague and ambiguous

6 | as to the meaning of "common practice" and "violate an inmate's constitutional rights."

7 | Defendant objects to this request because it is irrelevant to the claim or defense of any party and

8 | calls for a legal opinion. The request is unduly burdensome, overly broad, and lacks any

9 | reasonable limitation in time or scope. The request seems to require Defendant to investigate

10 | each and every inmate transfer at every CDCR facility, determine whether those inmates had

11 | filed lawsuits against correctional staff, and make a legal determination that the inmates'

12 | constitutional rights had been violated. Based on the foregoing objections, and following a

13 | reasonable search of available sources, Defendant is unable to admit or deny this request.

14 | REQUEST FOR ADMISSION NO. 4:

15 |    ADMIT it is common practice for CDCR to transfer a inmate who initiate and maintain a

16 | lawsuit against a correctional staff member who the inmate contends violated his First

17 | Amendment rights, or other rights, from a Level II facility to a Level III facility (per Tit. 15, CCR

18 | § 3375.1.(a))?

19 | RESPONSE TO REQUEST FOR ADMISSION NO. 4:

20 |    Objection. Defendant objects to this request on the grounds that it is vague and ambiguous

21 | as to the meaning of "common practice" and "other rights." Defendant objects to this request

22 | because it is irrelevant to the claim or defense of any party and calls for a legal opinion. The

23 | request is unduly burdensome, overly broad, and lacks any reasonable limitation in time or scope.

24 | The request seems to require Defendant to investigate each and every inmate transfer at every

25 | CDCR facility and determine whether those inmates had filed lawsuits against correctional staff

26 | contending a violation of their rights. Without waiving the foregoing objections, Defendant

27 | responds as follows:

28 |    Defendant denies that inmates are transferred from San Quentin to a facility that houses

Def. Ayers's Resp. Pl.'s Req. Admis.                                          *G. Tabarez v. J. Tilton, et al.*
                                                                              C 07-4920 JF

1  Level III inmates solely because they have filed a lawsuit against correctional staff. Following a

2  reasonable search of available sources, Defendant is unable to admit or deny the remainder of the

3  request.

4  REQUEST FOR ADMISSION NO. 5:

5      ADMIT by transferring inmates to a high Level facility with more restriction and high

6  degree of security would prevent and discourage other inmates from reporting and filing or

7  initiating lawsuits against correctional staff or officials in the facility where the inmate is housed.

8  RESPONSE TO REQUEST FOR ADMISSION NO. 5:

9      Objection. Defendant objects to this request on the grounds that it is vague and ambiguous

10  as to the meaning of "high Level facility with more restriction and high degree of security would

11  prevent and discourage." Defendant objects to this request because it is irrelevant to the claim or

12  defense of any party. The request is unduly burdensome, overly broad, and lacks any reasonable

13  limitation in time or scope, and assumes as true facts not established. The request seems to

14  require Defendant to investigate each and every inmate with a pending lawsuit and was

15  transferred within the CDCR during an undermined time-period. Without waiving the foregoing

16  objections, Defendant responds as follows:

17      Following a reasonable investigation of all available information, Defendant does not have

18  sufficient information to admit or deny the request.

19  REQUEST FOR ADMISSION NO. 6:

20      ADMIT that the fact Plaintiff has been transferred three (3) times within 2 year period and

21  two of these transfers have been without prior notice, one on December 6, 2006, two days after

22  Unit Classification Committee (UCC) at 7: A.M., in the morning Plaintiff was told over the P.A.

23  system to report to R & R with his personal property because he was being transferred. Then on

24  April 15, 2008, at 3:A.M., in the morning Plaintiff was told to pack-up his personal property

25  because he was being transferred, this was an afford to obstruct Plaintiff from filing injunction in

26  the court preventing his transfers? [sic]

27  RESPONSE TO REQUEST FOR ADMISSION NO. 6:

28      Objection. Defendant objects to this request because it is vague and ambiguous as drafted

Def. Ayers's Resp. Pl.'s Req. Admis.                                    *G. Tabarez v. J. Tilton, et al.*
                                                                         C 07-4920 JF

4

1  and is compound.  The request is unduly burdensome, overly broad, and is not relevant to any

2  claim or defense by either party because Plaintiff seeks information about events that allegedly

3  occurred after he filed his complaint on September 21, 2007.  Defendant cannot admit or deny

4  the request because it is unintelligible to him.

5  REQUEST FOR ADMISSION NO. 7:

6       ADMIT that Plaintiff has been transferred three (3) times within two year period, the

7  transfers on December 6, 2008, and the transfer on April 15, 2008, were to obstruct Plaintiff

8  access to the courts?

9  RESPONSE TO REQUEST FOR ADMISSION NO. 7:

10      Objection.  Defendant objects to this request because it is vague and ambiguous as to the

11  term "obstruct."  Defendant objects to this request because it is compound.  The request is unduly

12  burdensome, overly broad, and is not relevant to any claim or defense by either party because

13  Plaintiff seeks information about events that allegedly occurred after he filed his complaint on

14  September 21, 2007.  Without waiving the foregoing objections, Defendant responds as follows:

15      Defendant admits that Plaintiff was transferred on December 6, 2006.  Defendant denies

16  that Plaintiff was transferred on December 6, 2006 to limit or impede his access to the courts.

17  Based on the foregoing objections no further response shall be given to the remainder of the

18  request.

19  REQUEST FOR ADMISSION NO. 8:

20      ADMIT that Plaintiff transfer on December 6, 2008, within two days of UCC was

21  expedited?

22  RESPONSE TO REQUEST FOR ADMISSION NO. 8:

23      Objection.  Defendant objects to this request because it is vague and ambiguous as to the

24  term "expedited."  Without waiving the foregoing objection, Defendant responds as follows:

25      Denied.

26  REQUEST FOR ADMISSION NO. 9:

27      ADMIT that Plaintiff transfer on April 15, 2008, within 14 days of UCC was expedited?

28  / / /

Def. Ayers's Resp. Pl.'s Req. Admis.

*G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

1 | RESPONSE TO REQUEST FOR ADMISSION NO. 9:

2 |     Objection. Defendant objects to this request because it is vague and ambiguous as to the

3 | term "expedited." The request is unduly burdensome, overly broad, and is not relevant to any

4 | claim or defense by either party because Plaintiff seeks information about events that allegedly

5 | occurred after he filed his complaint on September 21, 2007. Based on the foregoing objections

6 | no further response shall be given.

7 | REQUEST FOR ADMISSION NO. 10:

8 |     ADMIT that when inmates are transferred from a level II facility to a level III facility it is

9 | usually because of disciplinary purposes?

10 | RESPONSE TO REQUEST FOR ADMISSION NO. 10:

11 |     Objection. Defendant objects to this request on the grounds that it is vague, ambiguous, and

12 | unintelligible as to the meaning of "when inmate are transferred" and "usually because of

13 | disciplinary purposes." Defendant objects to this request because it is irrelevant to the claim or

14 | defense of any party. The request is unduly burdensome, overly broad, and lacks any reasonable

15 | limitation in time or scope. The requests seems to require Defendant to investigate each and

16 | every transfer within the CDCR during an undermined time-period. Without waiving the

17 | foregoing objections, Defendant responds as follows:

18 |     Following a reasonable investigation of all available information, Defendant does not have

19 | sufficient information to admit or deny the request and on that basis the admission is denied.

20 | REQUEST FOR ADMISSION NO. 11:

21 |     ADMIT that Plaintiff transfers on December 6, 2006, and on April 15, 2008, were approved

22 | by Classification Staff representative (CSR) at SQ?

23 | RESPONSE TO REQUEST FOR ADMISSION NO. 11:

24 |     Objection. Defendant objects to this request because it is vague and ambiguous as to the

25 | term "approved." Defendant objects to this request because it is compound. The request is

26 | unduly burdensome, overly broad, and is not relevant to any claim or defense by either party

27 | because Plaintiff seeks information about events that allegedly occurred after he filed his

28 | complaint on September 21, 2007. Without waiving the foregoing objections, Defendant

Def. Ayers's Resp. Pl.'s Req. Admis.                         *G. Tabarez v. J. Tilton, et al.*
                                                    C 07-4920 JF

1  responds as follows:

2      Defendant admits that Plaintiff's December 6, 2006 transfer from San Quentin was

3  endorsed by a Classification Staff Representative on December 4, 2006.

4  REQUEST FOR ADMISSION NO. 12:

5      ADMIT that you approved Plaintiff transfer on December 6, 2006?

6  RESPONSE TO REQUEST FOR ADMISSION NO. 12:

7      Objection.  Defendant objects to this request because it is vague and ambiguous as to the

8  term "approved."  The request is unduly burdensome and is not relevant to any claim or defense

9  by either party, and assumes facts not established.  Without waiving the foregoing objections,

10  Defendant responds as follows:

11      Defendant denies that he endorsed Plaintiff's December 6, 2006 transfer from San Quentin.

12  The transfer was endorsed by Classification Staff Representative K. Ligon on December 4, 2006.

13          Dated:  June 23, 2008

14                          Respectfully submitted,

15                          EDMUND G. BROWN JR.
                            Attorney General of the State of California

16                          DAVID S. CHANEY
                            Chief Assistant Attorney General

17                          FRANCES T. GRUNDER
18                          Senior Assistant Attorney General

                            THOMAS S. PATTERSON
19                          Supervising Deputy Attorney General

20

21                          /s/ Trace O. Maiorino

22

23                          TRACE O. MAIORINO
                            Deputy Attorney General
                            Attorneys for Defendants Lemon, Ayers, Tilton, Ebert, Ortiz,
24                          Plymesser, Robinson, Ratliff, and Grannis

25      40257594.wpd
26      SF2008400989

27

28

Def. Ayers's Resp. Pl.'s Req. Admis.                    *G. Tabarez v. J. Tilton, et al.*
                                                        C 07-4920 JF

# EXHIBIT K

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DAVID S. CHANEY
    Chief Assistant Attorney General
3   FRANCES T. GRUNDER
    Senior Assistant Attorney General
4   THOMAS S. PATTERSON
    Supervising Deputy Attorney General
5   TRACE O. MAIORINO, State Bar No. 179749
    455 Golden Gate Avenue, Suite 11000
6   San Francisco, CA  94102-7004
    Telephone: (415) 703-5975
7   Fax: (415) 703-5483
    Email: Trace.Maiorino@doj.ca.gov
8
    Attorneys for Defendants Lemon, Ayers, Tilton, Ebert,
9   Ortiz, Plymesser, Robinson, Ratliff, and Grannis

10                IN THE UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13

14   **GREGORY TABAREZ,**                         C 07-4920 JF

15                              Plaintiff,        **DEFENDANT'S RESPONSE**
                                                  **TO PLAINTIFF'S FIRST SET**
16          v.                                    **OF INTERROGATORIES**

17   **JAMES TILTON, et al.,**

18                              Defendants.

19

20   PROPOUNDING PARTY:  Plaintiff, Gregory Tabarez

21   RESPONDING PARTY:  Defendant, G. Ortiz

22   SET NUMBER:  One

23                       PRELIMINARY STATEMENT

24          The information provided in these responses is true and correct, according to Defendant's

25   best knowledge at this time, but it is subject to future corrections for omissions, errors, or

26   mistakes.  Defendant reserves the right to produce evidence of any subsequently discovered facts

27   or interpretations thereof, and to amend, modify, or otherwise change the responses, in

28   accordance with applicable discovery rules.

Def.'s Resp. Pl.'s Interrogs.                                   *G. Tabarez v. J. Tilton, et al.*
                                                                *C 07-4920 JF*

1 INTERROGATORY NO. 1:

2     As associated warden of Soledad State Prison are you responsible for monitoring of

3 compliance with enforcing of policies and procedures of the rules of California Code of

4 Regulations Title 15. Crime Prevention and Corrections (Title 15, CCR § 3084.1.(a)(d).) from

5 the period of December 2006 through November 2007?

6 RESPONSE TO INTERROGATORY NO. 1:

7     Objection. Defendant objects to this interrogatory because it is vague and ambiguous as

8 drafted, particularly the phrases "Soledad State Prison" and "monitoring of compliance with

9 enforcing of policies and procedures of the rules." Without waiving the foregoing objections,

10 and assuming the Plaintiff is inquiring about the extent that Defendant was required to comply

11 with the California Code of Regulations, title 15, section 3084.1(a)-(d) while Associate Warden

12 at Correctional Training Facility, Defendant responds as follows:

13     As Associate Warden, Defendant was obligated to comply with California Code of

14 Regulations, title 15, section 3084.1(a)-(d) as it relates to inmates' rights to appeal.

15 INTERROGATORY NO. 2:

16     On February 9, 2007, did you read and sign plaintiff CDC Form 602 Log No. 06-04251,

17 attached to the Complaint as Exhibit E, wherein Plaintiff argued that he was being retaliated

18 against for exercising his First Amendment rights with a transfer and a lose [sic] of privileges?

19 RESPONSE TO INTERROGATORY NO. 2:

20     Defendant reviewed Plaintiff's CDC Form 602, Log No. 06-04251 on or about February 28,

21 2007, following its submission to the second level of review. Plaintiff's CDC Form 602, Log

22 No. 06-04251, attached as Exhibit E to Plaintiff's complaint, bears Defendant's signature

23 indicating Plaintiff's appeal had been reviewed at the second level.

24 INTERROGATORY NO. 3:

25     As Second Level of the CDCR appeal process is it your duty to adjuicate [sic] correct and

26 rectify wrongful decisions of staff officials that violate CDCR established rules, policies, and

27 procedures?

28 ///

Def.'s Resp. Pl.'s Interrogs.

G. Tabarez v. J. Tilton, et al.
C 07-4920 JF

1 | RESPONSE TO INTERROGATORY NO. 3:

2 |     Objection. Defendant objects to this interrogatory on the grounds that it vague and

3 | ambiguous as to the phrase "adjudicate correct and modify wrongful decisions that violate."

4 | Further to the extent this request seeks any information that does not concern the specific subject

5 | matter in this suit, the request seeks information irrelevant to the claims and defenses, and is

6 | unduly burdensome. Without waiving the foregoing objections, Defendant responds as follows:

7 |     At the second level of review, Defendant's job duties required him to ensure that the

8 | inmate's appeal had been processed properly. If it was not processed properly, the appeal was

9 | returned to a correctional staff member to be properly processed in compliance with the

10 | California Code of Regulations, title 15. When reviewing inmate appeals at the second level,

11 | Defendant reviewed the inmate appeals to ensure that correctional staff had complied with time

12 | constraints, properly documented their work, and used proper grammar and spelling. Further,

13 | Defendant reviewed inmate appeals at the second level to ensure that the decision being appealed

14 | was made by correctional staff within the scope of the California Code of Regulations, title 15,

15 | and applicable prison policies.

16 | INTERROGATORY NO. 4:

17 |     On or about March 15, 2007, did you review CDC Form 602, Log No. CTF-S-0700593, that

18 | was sent to you by appeal Coordinator J. Aboytes?

19 | RESPONSE TO INTERROGATORY NO. 4:

20 |     Defendant responds that he has made a reasonable inquiry, and the information known or

21 | readily available is insufficient to permit Defendant to respond to this interrogatory. Defendant

22 | does not recall if he reviewed Plaintiff's inmate appeal identified as CDC Form 602, Log No.

23 | CTF-S-0700593 on or about March 15, 2007.

24 | INTERROGATORY NO. 5:

25 |     As a result of reading Plaintiff's CDC Form 602, Log Nos. 06-04251, and CTF-S-0700593,

26 | and the attached CDCR Classification Chronos, were you aware that Plaintiff was transferred to

27 | CTF-North because he had a ongoing litigation against Associated Warden Max S. Lemon of San

28 | Quentin State Prison?

Def.'s Resp. Pl.'s Interrogs.

*G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

1  RESPONSE TO INTERROGATORY NO. 5:

2      Objection. Defendant objects to this interrogatory on the grounds that it is compound and

3  improperly assumes that Defendant recalls the inmate appeals identified by Plaintiff. Further,

4  Defendant objects to this interrogatory as it is vague and ambiguous as to time. Without waiving

5  the foregoing objections, Defendant responds as follows:

6      Defendant responds that he has made a reasonable inquiry, and the information known or

7  readily available is insufficient to permit Defendant to respond to this interrogatory. Defendant

8  does not recall if he reviewed Plaintiff's inmate appeal identified as CDC Form 602, Log No.

9  CTF-S-0700593 on or about March 15, 2007. However, upon reviewing Plaintiff's CDC Form

10 602, Log No. 06-04251, Defendant is currently aware of Plaintiff's allegations concerning his

11 transfer.

12 INTERROGATORY NO. 6:

13     As the associate warden of Soledad State Prison do you have the authority correct [sic] the

14 failure to comply with Title 15, CCR § 3084.1.(a)(d), or any rule of CDCR Title 15.?

15 RESPONSE TO INTERROGATORY NO. 6:

16     Objection. Defendant objects to this interrogatory because it is vague and ambiguous

17 concerning the phrases "Soledad State Prison," "correct the failure to comply with," "any rule,"

18 and "CDCR Title 15." To the extent that this interrogatory seeks information about Defendant's

19 authority under the California Code of Regulations, title 15, section 3084.1(a)-(d) while

20 Defendant served as Associate Warden at Correctional Training Facility, Defendant objects to

21 this interrogatory because it is cumulative and overly burdensome in that Defendant provided this

22 information in response to Plaintiff's Interrogatory No. One and no further response shall be

23 given. Without waiving the foregoing objections, Defendant responds as follows:

24     As Associate Warden, Defendant did not have the ultimate authority to ensure compliance

25 with the California Code of Regulations, title 15.

26 INTERROGATORY NO. 7:

27     As associate warden of Soledad State Prison do you or the warden have the authority to

28 modify rules of CDCR Title 15, CCR § 3043.6.(a)(2), and if you do what is the process, and

Def.'s Resp. Pl.'s Interrogs.                                    *G. Tabarez v. J. Tilton, et al.*
                                                                 C 07-4920 JF

4

1  justification?

2  RESPONSE TO INTERROGATORY NO. 7:

3      Objection. Defendant objects to this interrogatory because it is compound and vague and
4  ambiguous concerning "Soledad State Prison" and "modify." Defendant objects to this
5  interrogatory because it is overly broad. Without waiving the foregoing objections, Defendant
6  responds as follows:

7      As an associate warden, Defendant did not have the authority to change the California Code
8  of Regulations, title 15. Defendant did not serve as a warden during his career and has no
9  information about a warden's role, if any, in changing the California Code of Regulations, title
10 15.

11 INTERROGATORY NO. 8:

12     Why did you not allow Wark [sic] Group A-1 status inmates that were transferred to CTF
13 North A-yard, that were not assigned to job, as Plaintiff, yard on the weekends?

14 RESPONSE TO INTERROGATORY NO. 8:

15     Objection. Defendant objects to this interrogatory on the grounds that it is vague and
16 ambiguous as to time. Defendant further objects to this interrogatory on the grounds that it is
17 vague and ambiguous as drafted. Assuming the interrogatory seeks information about why
18 inmates without jobs, belonging to "Work Group A-1," and assigned to North A-yard at
19 Correctional Training Facility, were not permitted yard activity on weekends during the period
20 December 4, 2006 through November 2007, Defendant responds, as follows:

21     Inmates, as described above, were not permitted yard activity on weekends in accordance
22 with Operational Procedures No. 88 or in accordance with classification status as determined by
23 the Unit Classification Committee. A copy of Operational Procedures No. 88, bates-numbered
24 AGO 001-027, has been served on Plaintiff for his review.

25 INTERROGATORY NO. 9:

26     On what information did you determine that you would not allow Plaintiff yard on the
27 weekends as other Work Group A status inmates?

28 / / /

Def.'s Resp. Pl.'s Interrogs.

*G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

RESPONSE TO INTERROGATORY NO. 9:

Objection. Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to time. Defendant further objects to this interrogatory on the grounds that it is vague and ambiguous as to the meaning of "other Work Group A status inmates?" Without waiving the foregoing objections, Defendant responds as follows:

Decisions regarding inmates' yard activity were made in accordance with Operational Procedures No. 88. A copy of Operational Procedures No. 88, bates-numbered AGO 001-027, has been served on Plaintiff for his review.

INTERROGATORY NO. 10:

What [sic] the number of unassigned Work Group A status inmates on North CTF A-yard, from the period 2006 through 2007?

RESPONSE TO INTERROGATORY NO. 10:

Objection. Defendant objects to this interrogatory on the grounds that it is overly burdensome to provide the number of unassigned "Work Group A" status inmates on North A-yard at Correctional Training Facility from 2006 through 2007 because this inmate population fluctuates from day to day as well as throughout each day. Defendant objects to this interrogatory because it seeks information that is irrelevant to the claims and defenses in this suit. Without waiving the foregoing objections, Defendant responds as follows:

Defendant responds that he has made a reasonable inquiry, and the information known or readily available is insufficient to permit Defendant to respond to this interrogatory.

INTERROGATORY NO. 11:

What the number [sic] of assigned Work Group A status inmates on North CTF A-yard, from the period 2006 through 2007?

RESPONSE TO INTERROGATORY NO. 11:

Objection. Defendant objects to this interrogatory on the grounds that it is overly burdensome to provide the number of unassigned "Work Group A" status inmates on North A-yard at Correctional Training Facility from 2006 through 2007 because this inmate population fluctuates from day to day as well as throughout each day. Defendant objects to this

Def.'s Resp. Pl.'s Interrogs.

G. Tabarez v. J. Tilton, et al.
C 07-4920 JF

6

1  interrogatory because it seeks information that is irrelevant to the claims and defenses in this suit.

2  Without waiving the foregoing objections, Defendant responds as follows:

3      Defendant responds that he has made a reasonable inquiry, and the information known or

4  readily available is insufficient to permit Defendant to respond to this interrogatory.

5  INTERROGATORY NO. 12:

6      What the number [sic] of inmates on the North CTF A yard during yard exercise period

7  based on the rotation of buildings during the regular weeks days?

8  RESPONSE TO INTERROGATORY NO. 12:

9      Objection.  Defendant objects to this interrogatory on the grounds that it is vague and

10  ambiguous as to time.  Defendant further objects to this interrogatory on the ground that it is

11  overly burdensome to provide the number of inmates allowed on the yard during yard exercise

12  based on the rotation of buildings during the regular weeks days, because this inmate population

13  fluctuates from day to day, as well as throughout each day.  Defendant objects to this

14  interrogatory because it seeks information that is irrelevant to the claims and defenses in this suit.

15  Without waiving the foregoing objections, Defendant responds as follows:

16      Defendant responds that he has made a reasonable inquiry, and the information known or

17  readily available is insufficient to permit Defendant to respond to this interrogatory.

18  INTERROGATORY NO. 13:

19      What the number [sic] inmates allowed on the yard during yard exercise period on North

20  CTR [sic] A yard?

21  RESPONSE TO INTERROGATORY NO. 13

22      Objection.  Defendant objects to this interrogatory on the grounds that it is vague and

23  ambiguous as to time and as to "CTR A yard."  Defendant further objects to this interrogatory on

24  the ground that it is overly burdensome to provide the number of inmates allowed on the yard

25  during yard exercise, because this inmate population fluctuates from day to day, as well as

26  throughout each day.  Without waiving the foregoing objections, and assuming the interrogatory

27  seeks information about Correctional Training Facility's A-yard, Defendant responds as follows:

28      Defendant responds that he has made a reasonable inquiry, and the information known or

Def.'s Resp. Pl.'s Interrogs.

G. Tabarez v. J. Tilton, et al.
C 07-4920 JF

7

1  readily available is insufficient to permit Defendant to respond to this interrogatory.

2        Dated:  May 2, 2008

3                          Respectfully submitted,

4                          EDMUND G. BROWN JR.
                           Attorney General of the State of California
5
                           DAVID S. CHANEY
6                          Chief Assistant Attorney General

7                          FRANCES T. GRUNDER
                           Senior Assistant Attorney General
8
                           THOMAS S. PATTERSON
                           Supervising Deputy Attorney General
9

10                         *Trace Maiorino*

11
                           TRACE O. MAIORINO
12                         Deputy Attorney General
                           Attorneys for Defendants Lemon, Ayers, Tilton, Ebert, Ortiz,
13                         Plymesser, Robinson, Ratliff, and Grannis

14

15   40238730.wpd
     SF2008400989
16

17

18

19

20

21

22

23

24

25

26

27

28

Def.'s Resp. Pl.'s Interrogs.

                                                         *G. Tabarez v. J. Tilton, et al.*
                                                                   C 07-4920 JF

1

## VERIFICATION

2     I declare under penalty of perjury that I have read and reviewed the above responses to

3  interrogatories, and they are true and correct to the best of my knowledge.

4

5  Dated: _May 2, 2008_                  

                                       G. A. ORTIZ

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def.'s Resp. Pl.'s Interrogs.                                      G. Tabares v. J. Tilton, et al.
C 07-4920 JF

9

# EXHIBIT L

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  THOMAS S. PATTERSON
   Supervising Deputy Attorney General
5  TRACE O. MAIORINO, State Bar No. 179749
     455 Golden Gate Avenue, Suite 11000
6    San Francisco, CA  94102-7004
     Telephone: (415) 703-5975
7    Fax:  (415) 703-5483
     Email:  Trace.Maiorino@doj.ca.gov
8
   Attorneys for Defendants Lemon, Ayers, Tilton, Ebert,
9  Ortiz, Plymesser, Robinson, Ratliff, and Grannis

10

11                 IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

14

15  **GREGORY TABAREZ,**                          C 07-4920 JF

16                               Plaintiff,   **DEFENDANT'S RESPONSES
                                              TO PLAINTIFF'S**
16                                            **INTERROGATORIES, SET
                                              ONE**
17              v.

    **JAMES TILTON, et al.,**
18
                               Defendants.
19

20  PROPOUNDING PARTY:  Plaintiff Gregory Tabarez

21  RESPONDING PARTY:  Defendant J. Tilton

22  SET NUMBER:  One

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Def.'s Resp. Pl.'s Interrogs.
                                                    *G. Tabarez v. J. Tilton, et al.*
                                                    C 07-4920 JF
                            1

1 | INTERROGATORY NO. 1:

2      As Director of the California Department of Corrections and Rehabilitation (CDCR) are you

3 responsible for monitoring of compliance with enforcing of CDCR rules, policies, procedures,

4 and State Law and Federal Law?

5 | RESPONSE TO INTERROGATORY NO. 1:

6      Objection. Defendant objects to this interrogatory because it is vague and ambiguous,

7 particularly the phrase "monitoring of compliance with enforcing of policies and procedures."

8 Defendant objects to this interrogatory because it seeks a legal opinion. Further to the extent this

9 interrogatory seeks any information that does not concern the specific subject matter in this suit,

10 the interrogatory seeks information irrelevant to the claims and defenses of any party, and is

11 unduly burdensome. Without waiving the foregoing objections and assuming that Plaintiff seeks

12 information as prescribed by Government Code § 12838.7, Defendant responds as follows:

13      Under Government Code § 12838.7(b), the Secretary of the California Department of

14 Corrections and Rehabilitation (CDCR) "shall assure compliance with the terms of any state

15 plan, memorandums of understanding, administrative order, interagency agreements, assurances,

16 single state agency obligation, federal statute and regulations, and any other form of agreement or

17 obligation that vital government activities rely upon, or are a condition to, the continued receipt

18 by CDCR of state or federal funds or services." Defendant is not the current Secretary of CDCR.

19 Defendant's retirement was effective on May 16, 2008. Further, Defendant did not serve as the

20 Director of CDCR.

21 | INTERROGATORY NO. 2:

22      Is there a written policy of transferring inmates that have ongoing litigation against staff

23 officials at the prison where the inmate is housed?

24 | RESPONSE TO INTERROGATORY NO. 2:

25      Objection. Defendant objects to this interrogatory because it is vague and ambiguous

26 particularly the phrase "ongoing litigation." Without waiving the foregoing objection, Defendant

27 responds as follows:

28      To the extent that Plaintiff seeks information regarding regulations concerning inmate

Def.'s Resp. Pl.'s Interrogs.

*G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

1 | transfers, Defendant identifies California Code of Regulations, title 15, § 3379.

2 | INTERROGATORY NO. 3:

3 | As Director of CDCR are you aware that San Quentin State Prison (SQ) staff officials

4 | transfer inmates that have ongoing litigation against their staff, such as Plaintiff has recently been

5 | referred to CSR for transfer to a level three prison again on April 1, 2008, without justification or

6 | requesting a transfer?

7 | RESPONSE TO INTERROGATORY NO. 3:

8 | Objection. Defendant objects to this interrogatory on the grounds that it is irrelevant to the

9 | claim or defense of any party, overly broad, and it is exceedingly burdensome because Plaintiff

10 | seeks information about an event that allegedly occurred after he commenced this lawsuit on

11 | September 21, 2007. Based on the foregoing objections, no further response shall be given.

12 | INTERROGATORY NO. 4:

13 | Is it common practice throughout CDCR to transfer inmates without justification, other then

14 | them exercising their rights to file a prison grievance, CDC-602 appeal form and pursuing a civil

15 | rights litigation in the courts, such as Plaintiff case?

16 | RESPONSE TO INTERROGATORY NO. 4:

17 | Objection. Defendant objects to this interrogatory because it is vague and ambiguous as to

18 | "justification," "common practice," and "such as Plaintiff case." Further to the extent this

19 | interrogatory seeks any information that does not concern the specific subject matter in this suit,

20 | the interrogatory seeks information irrelevant to the claims and defenses of any party, and is

21 | unduly burdensome. Without waiving the foregoing objections, Defendant responds as follows:

22 | To the extent that Plaintiff seeks information regarding regulations regarding inmate

23 | transfers, Defendant identifies California Code of Regulations, title 15, § 3379.

24 | INTERROGATORY NO. 5:

25 | As Director of CDCR you are third level of review of CDCR appeals process do you

26 | authorize N. Grannis Chief Inmate Appeals to act on your part and are you responsible for Chief

27 | Inmates Appeals decisions?

28 | / / /

Def.'s Resp. Pl.'s Interrogs.

*G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

1 | RESPONSE TO INTERROGATORY NO. 5:

2      Objection. Defendant objects to this interrogatory because it is vague and ambiguous
3 | particularly concerning the phrases "you are third level of review," "act on your part," and
4 | "responsible for." Further to the extent this interrogatory seeks any information that does not
5 | concern the specific subject matter in this suit, the interrogatory seeks information irrelevant to
6 | the claims and defenses of any party, and is unduly burdensome. Finally, this interrogatory seeks
7 | a legal opinion. Without waiving the foregoing objections, Defendant responds as follows:

8      N. Grannis is authorized to act as, and perform the job duties of, the Chief of the Inmate
9 | Appeals Branch. Further, Defendant did not serve as the Director of CDCR.

10 | INTERROGATORY NO. 6:

11      As Director of CDCR were you aware that Soledad State Prison CTF-North A-Yard would
12 | not allow Plaintiff yard on the weekends even though he received a non-adverse transfer and
13 | retained his Work Group/Privilege Group (WG/PG) "A-1/A" status, as other WG/PG A-1/A
14 | status inmates on CTF-North A-Yard?

15 | RESPONSE TO INTERROGATORY NO. 6:

16      Objection. Defendant objects to this interrogatory on the grounds that it is vague and
17 | ambiguous as to time. Defendant further objects to this interrogatory on the grounds that it is
18 | vague and ambiguous as drafted. Assuming the interrogatory seeks information about why
19 | inmates without jobs, belonging to "Work Group A-1," and assigned to North A-yard at
20 | Correctional Training Facility, were not permitted yard activity on weekends during the period
21 | December 4, 2006 through November 2007, Defendant responds, as follows:

22      Defendant did not serve as the Director of CDCR. Further, Defendant does not know
23 | whether or not Plaintiff was given weekend yard activity while at CTF.

24 | INTERROGATORY NO. 7:

25      As Third Level of review of CDCR appeals process have you had the chance to read
26 | Plaintiff's CDC-602 appeal form concerning his transfer, if yes when?

27 | / / /

28 | / / /

Def.'s Resp. Pl.'s Interrogs.                                    G. Tabarez v. J. Tilton, et al.
                                                                         C 07-4920 JF

1 | RESPONSE TO INTERROGATORY NO. 7:

2      Objection. Defendant objects to this interrogatory because it is vague and ambiguous

3 | concerning "As Third Level of review of CDCR" and "chance." Further to the extent this

4 | interrogatory seeks any information that does not concern the specific subject matter in this suit,

5 | the interrogatory seeks information irrelevant to the claims and defenses of any party, and is

6 | unduly burdensome. Without waiving the foregoing objections, Defendant responds as follows:

7      To the extent that Plaintiff is referring to inmate appeals CTF-S 07-00593 and SQ 07-

8 | 00718, attached to his complaint as Exhibit A, Defendant had the opportunity to review those

9 | inmate appeals, after he was served with the complaint in this suit.

10 | INTERROGATORY NO. 8:

11      As Director of CDCR are you aware that CTF-North is continuously on lock-down status,

12 | do you know the number of times from the period of November 2006 through 2007?

13 | RESPONSE TO INTERROGATORY NO. 8:

14      Objection. Defendant objects to this interrogatory because it is vague and ambiguous as to

15 | "continuously on lock-down status." Further to the extent this interrogatory seeks any

16 | information that does not concern the specific subject matter in this suit, the interrogatory seeks

17 | information irrelevant to the claims and defenses of any party, and is unduly burdensome.

18 | Without waiving the foregoing objections, Defendant responds as follows:

19      Defendant did not serve as the Director of CDCR. Moreover, on May 2, 2008, Plaintiff was

20 | served with documents bates-numbered AGO 034-84 that provided him with the information he

21 | seeks with this interrogatory.

22 | INTERROGATORY NO. 9:

23      As Director of CDCR are you aware that Plaintiff was transferred back to San Quentin (SQ)

24 | by CTF-North Unit Classification Committee (UCC) on November 15, 2007, and after the U.S.

25 | Northern District Court Issued an order directing SQ officials named in the complaint as the

26 | defendants that transferred Plaintiff to respond or file dispositive motion or notice regarding such

27 | motion, that Plaintiff is now again up for transfer without justification other then the instant

28 | complaint?

Def.'s Resp. Pl.'s Interrogs.

1 | RESPONSE TO INTERROGATORY NO. 9:

2     Objection. Defendant objects to this interrogatory on the grounds that it is irrelevant to the

3 claim or defense of any party, overly broad, and it is exceedingly burdensome because Plaintiff

4 seeks information about an event that allegedly occurred after he commenced this lawsuit on

5 September 21, 2007. Finally, Defendant did not serve as the Director of CDCR. Based on the

6 foregoing objections, no further response shall be given.

7     Dated: May 29, 2008

8                      Respectfully submitted,

9                      EDMUND G. BROWN JR.
                     Attorney General of the State of California

10                      DAVID S. CHANEY
                     Chief Assistant Attorney General

11                      FRANCES T. GRUNDER
                     Senior Assistant Attorney General

12                      THOMAS S. PATTERSON
                     Supervising Deputy Attorney General

13

14

15                      *[signature]*

16

17                      TRACE O. MAIORINO
                     Deputy Attorney General
                     Attorneys for Defendants Lemon, Ayers, Tilton, Ebert, Ortiz,

18                      Plymesser, Robinson, Ratliff, and Grannis

19

20

21

22

23

24

25

26

27

28

Def.'s Resp. Pl.'s Interrogs.

*G. Tabarez v. J. Tilton, et al.*
*C 07-4920 JF*

## VERIFICATION

I declare under penalty of perjury that I have read and reviewed the above responses to interrogatories, and they are true and correct to the best of my knowledge.

Dated: ___5-29-08___

JAMES E. TILTON, SECRETARY
CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Def.'s Resp. Pl.'s Interrogs.

G. Tabares v. J. Tilton, et al.
C 07-4920 JF

7

Exhibit  M

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | THOMAS S. PATTERSON
Supervising Deputy Attorney General
5 | TRACE O. MAIORINO, State Bar No. 179749
  455 Golden Gate Avenue, Suite 11000
6 | San Francisco, CA  94102-7004
  Telephone:  (415) 703-5975
7 | Fax:  (415) 703-5483
  Email:  Trace.Maiorino@doj.ca.gov
8 |
Attorneys for Defendants Lemon, Ayers, Tilton, Ebert,
9 | Ortiz, Plymesser, Robinson, Ratliff, and Grannis

10

11                   IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

| | |
|---|---|
| 14 **GREGORY TABAREZ,** | C 07-4920 JF |
| 15 Plaintiff, | **DEFENDANT GRANNIS'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS** |
| 16 v. | |
| 17 **JAMES TILTON, et al.,** | |
| 18 Defendants. | |
| 19 | |

20 | **PROPOUNDING PARTY:** Plaintiff Gregory Tabarez

21 | **RESPONDING PARTY:** Defendant N. Grannis

22 | **SET NUMBER:** One

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

Def. Grannis's Resp. Pl.'s Req. Admis.

*G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

1

1  REQUEST FOR ADMISSION NO. 1:

2      ADMIT as an employee of CDCR and the Chief of Inmate Appeals process you are

3  obligated and responsible for monitoring of compliance with enforcing of CDCR rules, policies,

4  procedures and state laws and federal laws, as such you are familiar with Tit. 15, CCR §§ 3084.1.

5  Right to Appeal.(a)(d); 3160. Inmate Access to Court.(a).

6  RESPONSE TO REQUEST FOR ADMISSION NO. 1:

7      Objection. Defendant objects to this request because it is vague and ambiguous as drafted,

8  particularly the phrase "obligated and responsible for monitoring of compliance with enforcing."

9  The request is unduly burdensome, overly broad, and lacks any reasonable limitation in scope

10  because it seeks an admission about rules, policies, procedures, and laws that are not relevant to

11  the claims or defenses of either party. Defendant objects to this request because it calls for a

12  legal opinion and is compound. Without waiving the foregoing objections, Defendant responds

13  as follows:

14      Defendant admits that she is employed by the California Department of Corrections and

15  Rehabilitation (CDCR). Defendant admits that she is required to follow the California Code of

16  Regulations, title 15, CDCR policies, federal law, and state law. Defendant denies that her

17  specific job duties require her to ensure that other CDCR employees comply with the California

18  Code of Regulations, title 15, CDCR policies, federal law, or state law. Defendant admits that

19  she is familiar with California Code of Regulations, title 15, §§ 3084.1 and 3160.

20  REQUEST FOR ADMISSION NO. 2:

21      ADMIT as Chief of Inmate Appeals process you read and render decisions in Plaintiff CDC-

22  602 Appeals Forms Log Nos. CTF 07-00593 and SQ 007-00718, which are attached to Plaintiff

23  civil complaint as Exhibit A, and even though he was transferred from a Level II facility to a

24  Level III facility with more restrictions, with a higher degree of security, and citing rules of

25  authority and case law, you denied his appeal.

26  RESPONSE TO REQUEST FOR ADMISSION NO. 2:

27      Objection. Defendant objects to this request because it is vague and ambiguous as drafted,

28  particularly the phrase "you read and render decisions in" and "more restrictions, with a higher

Def. Grannis's Resp. Pl.'s Req. Admis.                                    *G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

2

1  degree of security, and citing rules of authority and case law." Without waiving the foregoing

2  objections, Defendant responds as follows:

3      Defendant admits that Plaintiff's inmate appeals identified as CTF 07-00593 and SQ 07-

4  00718 were denied by the Director's Level. Defendant denies that she read Plaintiff's inmate

5  appeals identified as CTF 07-00593 and SQ 07-00718 before this lawsuit was filed because the

6  Director's Level appeal decision does not bear her signature.

7  REQUEST FOR ADMISSION NO. 3:

8      ADMIT as CDCR Chief of Inmate Appeals process, prior to Plaintiff, transfer on December

9  6, 2006, there is no record that Plaintiff has filed a CDC-602 Appeal Form alleging retaliatory

10  actions or claiming any type of actions by A/W Max S. Lemon, therefore there is no evidence to

11  support or justify Plaintiff's transfer on the basis that it was to prevent a claim of retaliatory

12  action.

13  RESPONSE TO REQUEST FOR ADMISSION NO. 3:

14      Objection. Defendant objects to this request because it is vague and ambiguous as drafted,

15  particularly the phrase "no record." The request is unduly burdensome, overly broad, and lacks

16  any reasonable limitation in scope. The request seemingly requires Defendant to review each and

17  every inmate appeal filed by Plaintiff before December 2006 to determine whether Plaintiff made

18  a grievance of retaliation against Defendant Lemon. Defendant objects to this request because it

19  calls for a legal opinion and is compound. Without waiving the foregoing objections, Defendant

20  responds as follows:

21      Defendant admits that the Inmate Appeal Branch's Appellant Appeal History does not

22  identify a claim of retaliation against Defendant Lemon before December 2006. Defendant

23  denies that there was an insufficient basis for Plaintiff's transfer in December 2006. Following a

24  reasonable search of available sources, Defendant does not have sufficient information to admit

25  or deny the remainder of the request.

26  REQUEST FOR ADMISSION NO. 4:

27      ADMIT Plaintiff could be retaliate against wherever he is housed throughout CDCR, on

28  basis that he has a ongoing litigation against correctional staff members, and could make a claim

Def. Grannis's Resp. Pl.'s Req. Admis.                    *G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

3

1 | of such actions is cause by A/W Max S. Lemon.

2 | RESPONSE TO REQUEST FOR ADMISSION NO. 4:

3 |     Objection. Defendant objects to this request because it is vague and ambiguous as drafted.

4 | The request is unduly burdensome, overly broad, and lacks any reasonable limitation in scope.

5 | Defendant objects to this request because it is not relevant to any claim or defense by either party.

6 | Defendant objects to this request because the phrase "and could make a claim of such actions is

7 | cause by A/W Max S. Lemon" is unintelligible. Defendant objects to this request because it calls

8 | for a legal opinion and is compound. Without waiving the foregoing objections, Defendant

9 | responds as follows:

10 |     Defendant admits that it is possible for Plaintiff to be retaliated against while incarcerated

11 | by CDCR. Defendant cannot admit or deny the remainder of the request because it is

12 | unintelligible to her.

13 | REQUEST FOR ADMISSION NO. 5:

14 |     ADMIT this practice by CDCR to transfer inmates who initiate and maintain lawsuit against

15 | prison officials is to obstruct and to discourage inmates from reporting wrongful actions and

16 | pursuing these actions in the courts.

17 | RESPONSE TO REQUEST FOR ADMISSION NO. 5:

18 |     Denied.

19 | REQUEST FOR ADMISSION NO. 6:

20 |     ADMIT as the Chief of Inmate Appeal process you read and render a decision to Plaintiff

21 | CDC-602 Appeal Form Log No. CTF-06-04251, which is attached to Plaintiff civil complaint as

22 | Exhibit E, and this CDC-602 is not the only CDC-602 dealing with the same subject, you have

23 | received other CDC-602 appeal forms from other inmates claiming about the program in CTF-

24 | North A-Yard.

25 | RESPONSE TO REQUEST FOR ADMISSION NO. 6:

26 |     Objection. Defendant objects to this request because it is vague and ambiguous as drafted,

27 | particularly the phrases "dealing with the same subject" and "claiming about the program."

28 | Defendant objects to this request because it is irrelevant to the claims or defenses of either party.

Def. Grannis's Resp. Pl.'s Req. Admis.                                                  *G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

4

1    Without waiving the foregoing objections, Defendant responds as follows:

2       Defendant admits that Plaintiff's inmate appeal identified as CTF 06-04251 was denied by

3 the Director's Level. Defendant denies that she read Plaintiff's inmate appeals identified as

4 CTF06-04251 before this lawsuit was filed because the Director's Level appeal decision does not

5 bear her signature. Defendant cannot admit or deny the remainder of the request because it is

6 unintelligible to her.

7 REQUEST FOR ADMISSION NO. 7:

8       Admit you condone Plaintiff transfer on December 6, 2006, by your failure to rectify the

9 action taken against him.

10 RESPONSE TO REQUEST FOR ADMISSION NO. 7:

11       Objection. Defendant objects to this request because it is compound. Without waiving the

12 foregoing objection, Defendant responds as follows:

13       Denied.

14 REQUEST FOR ADMISSION NO. 8:

15       ADMIT as Chief of Inmate Appeals process you have the authority to rectify Plaintiff

16 transfer, or recommend that he be transferred back to SQ or transfer to a Level II facility, in

17 accordance with his point level of 19, but you choose not to.

18 RESPONSE TO REQUEST FOR ADMISSION NO. 8:

19       Objection. Defendant objects to this request because it is vague and ambiguous as to

20 "rectify." The request is unduly burdensome because Plaintiff sought substantially similar

21 information in his Request for Admission No. 2. Defendant objects to this request because it is

22 irrelevant to the claims or defenses of either party and compound. Without waiving the

23 foregoing objections, Defendant responds as follows:

24       Defendant admits that as the Director of the Inmate Appeals Branch she had the authority to

25 grant or deny Plaintiff's inmate appeals identified as CTF 07-00593 and SQ 07-00718; that he

26 appealed to the Director's Level. Defendant denies the remainder of the request because Plaintiff

27 did not seek a transfer in his inmate appeals identified as CTF 07-00593 and SQ 07-00718,

28 / / /

Def. Grannis's Resp. Pl.'s Req. Admis.

*G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

5

1 | instead he sought a staff complaint against Defendant Lemon.

2 |       Dated: June 23, 2008

3 |                Respectfully submitted,

4 |                EDMUND G. BROWN JR.
Attorney General of the State of California

5 |                DAVID S. CHANEY
Chief Assistant Attorney General

6 |

7 |                FRANCES T. GRUNDER
Senior Assistant Attorney General

8 |                THOMAS S. PATTERSON
Supervising Deputy Attorney General

9 |

10 |

11 |                TRACE O. MAIORINO
Deputy Attorney General

12 |                Attorneys for Defendants Lemon, Ayers, Tilton, Ebert, Ortiz,
Plymesser, Robinson, Ratliff, and Grannis

13 |

14 |

40259566.wpd
SF2008400989

*G. Tabarez v. J. Tilton, et al.*
C 07-4920 JF

# EXHIBIT N

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE | PROGRAM STATUS NUMBER |
|---|---|---|
| SAN QUENTIN STATE PRISON | November 1, 2005 through November 2, 2005 | SQ-III-05-130 |

☐ INITIAL          ☒ UPDATE          ☐ CLOSURE

## RELATED INFORMATION (CHECK ALL THAT APPLY)

**AREA AFFECTED**
- ☒ INSTITUTION   San Quentin
- ☒ FACILITY  Mainline
- ☒ HOUSING UNIT: North Block
- ☐ VOCATION:
- ☐ EDUCATION:
- ☐ OTHER:

**INMATES AFFECTED**
- ☐ ALL
- ☒ BLACK
- ☐ WHITE
- ☒ HISPANIC
- ☐ OTHER:

**REASON**
- ☐ BATTERY
- ☐ DEATH
- ☐ RIOT/DISTURBANCE
- ☐ GROUPING
- ☒ OTHER:  Possible tension between black & Hispanic inmates.

**MOVEMENT**
- ☒ NORMAL (White & Other)
- ☐ ESCORT ALL MOVEMENT
- ☐ UNCLOTHED BODY SEARCH PRIOR TO ESCORT
- ☒ CONTROLLED MOVEMENT (Black & Hispanic)
- ☐ OTHER:

**FEEDING**
- ☒ NORMAL (White & Other)
- ☐ CELL FEEDING
- ☐ CONTROLLED FEEDING IN DINING ROOM
  - ☐ HOUSING UNIT/DORM AT A TIME
  - ☐ DORM POD AT A TIME
  - ☒ TIER AT A TIME (Black & Hispanic separate)
  - ☐ HOUSING UNIT SECTION AT A TIME
- ☐ SACK MEAL BREAKFAST
- ☒ SACK MEAL LUNCH
- ☐ SACK MEAL DINNER

**DUCATS**
- ☒ ALL DUCATS HONORED (Black & Hispanic escorted.
- ☐ MEDICAL DUCATS ONLY
- ☐ CLASSIFICATION DUCATS
- ☐ PRIORITY DUCATS ONLY

**VISITING**
- ☐ NORMAL VISITING
- ☐ NON-CONTACT ONLY
- ☒ NO VISITING DAY
- ☒ OTHER: Family visiting normal.

**WORKERS**
- ☒ APPROVED CRITICAL WORKERS ONLY
- ☐ CULINARY
- ☐ CLERKS
- ☐ VOCATION/EDUCATION
- ☐ CANTEEN
- ☐ CLOTHING ROOM
- ☐ RESTRICTED WORK PROGRAM
- ☐ PORTERS
- ☐ NO INMATE WORKERS

**SHOWERS**
- ☒ NORMAL (White and Other)
- ☐ ESCORTED
- ☒ One tier at a time (Black and Hispanic separately
- ☐ CELL PARTNERS TOGETHER – OWN TIER
- ☐ DORM SHOWERING BY GROUP
- ☐ CRITICAL WORKERS ONLY
- ☐ NO SHOWERS

**MEDICAL**
- ☒ NORMAL MEDICAL PROGRAM (Black and Hispanic under escort)
- ☐ PRIORITY DUCATS ONLY
- ☐ MTA CONDUCT ROUNDS IN UNITS
- ☐ EMERGENCY MEDICAL ONLY
- ☐ OTHER:

**LEGAL LIBRARY**
- ☒ NORMAL (White and Other
- ☒ APPROVED COURT DEADLINES (black and Hispanic)

**DAY ROOM**
- ☐ NORMAL   N/A
- ☐ NO DAY ROOM ACTIVITIES
- ☐ MODIFIED:

**RECREATION**
- ☒ NORMAL (White & Other)
- ☒ NO RECREATIONAL ACTIVITIES (Black & Hispanic)
- ☐ MODIFIED:

**CANTEEN**
- ☒ NORMAL (White and Other)
- ☒ NO CANTEEN (Black & Hispanic
- ☐ MODIFIED:

**PACKAGES**
- ☒ NORMAL (White & Other)
- ☒ NO PACKAGES (Black & Hispanic)
- ☐ MODIFIED:

**PHONE CALLS**
- ☒ NORMAL (White & Other)
- ☒ NO PHONE CALLS (Black & Hispanic)
- ☐ MODIFIED:

**RELIGIOUS SERVICES**
- ☒ NORMAL (White and Other)
- ☒ NO RELIGIOUS SERVICES (black & Hispanic)
- ☐ MODIFIED:

**REMARKS:** On 10/27/05 information was received that there is racial tension between Black and Hispanic inmates in general population. North Block Black and Hispanic inmates will continue to be on Modified Program pending the interviewing process and investigation. This Modified Program report is effective November 1, 2005 through November 2, 2005.

| PREPARED BY: | DATE | NAME/SIGNATURE (WARDEN) | DATE |
|---|---|---|---|
| V. Kelley, Facility Captain (A) | 11-1-05 | S. W. Ornoski, Warden (A) | 11/1/0505 |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE | PROGRAM STATUS NUMBER |
|---|---|---|
| SAN QUENTIN STATE PRISON | *October* September 31, 2005 through November 1, 2005 | SQ-III-05-130 |

☐ INITIAL        ☒ UPDATE        ☐ CLOSURE

**RELATED INFORMATION (CHECK ALL THAT APPLY)**

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☒ INSTITUTION  San Quentin | ☐ ALL | ☐ BATTERY |
| ☒ FACILITY  Mainline | ☒ BLACK | ☐ DEATH |
| ☒ HOUSING UNIT: North Block | ☐ WHITE | ☐ RIOT/DISTURBANCE |
| ☐ VOCATION: | ☒ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☐ OTHER: | ☒ OTHER:  Possible tension between black & Hispanic inmates. |
| ☐ OTHER: | | |

| MOVEMENT | WORKERS | DAY ROOM |
|---|---|---|
| ☒ NORMAL (White & Other) | ☒ APPROVED CRITICAL WORKERS ONLY | ☐ NORMAL   N/A |
| ☐ ESCORT ALL MOVEMENT | ☐ CULINARY | ☐ NO DAY ROOM ACTIVITIES |
| ☐ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☐ CLERKS | ☐ MODIFIED: |
| ☒ CONTROLLED MOVEMENT (Black & Hispanic) | ☐ VOCATION/EDUCATION | **RECREATION** |
| ☐ OTHER: | ☐ CANTEEN | ☒ NORMAL (White & Other) |
| | ☐ CLOTHING ROOM | ☒ NO RECREATIONAL ACTIVITIES (Black & Hispanic) |
| **FEEDING** | ☐ RESTRICTED WORK PROGRAM | ☐ MODIFIED: |
| ☒ NORMAL (White & Other) | ☐ PORTERS | |
| ☐ CELL FEEDING | ☐ NO INMATE WORKERS | **CANTEEN** |
| ☐ CONTROLLED FEEDING IN DINING ROOM | **SHOWERS** | ☒ NORMAL (White and Other) |
| ☐ HOUSING UNIT/DORM AT A TIME | ☒ NORMAL (White and Other) | ☒ NO CANTEEN (Black & Hispanic |
| ☐ DORM POD AT A TIME | ☐ ESCORTED | ☐ MODIFIED: |
| ☒ TIER AT A TIME (Black & Hispanic separate) | ☒ One tier at a time (Black and Hispanic seperately) | |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ CELL PARTNERS TOGETHER – OWN TIER | **PACKAGES** |
| ☐ SACK MEAL BREAKFAST | ☐ DORM SHOWERING BY GROUP | ☒ NORMAL (White & Other) |
| ☒ SACK MEAL LUNCH | ☐ CRITICAL WORKERS ONLY | ☒ NO PACKAGES (Black & Hispanic) |
| ☐ SACK MEAL DINNER | ☐ NO SHOWERS | ☐ MODIFIED: |
| **DUCATS** | **MEDICAL** | |
| ☒ ALL DUCATS HONORED (Black & Hispanic escorted) | ☒ NORMAL MEDICAL PROGRAM (Black and Hispanic under escort) | **PHONE CALLS** |
| ☐ MEDICAL DUCATS ONLY | ☐ PRIORITY DUCATS ONLY | ☒ NORMAL (White & Other) |
| ☐ CLASSIFICATION DUCATS | ☐ MTA CONDUCT ROUNDS IN UNITS | ☒ NO PHONE CALLS (Black & Hispanic) |
| ☐ PRIORITY DUCATS ONLY | ☐ EMERGENCY MEDICAL ONLY | ☐ MODIFIED: |
| **VISITING** | ☐ OTHER: | |
| ☐ NORMAL VISITING | | **RELIGIOUS SERVICES** |
| ☐ NON-CONTACT ONLY | **LEGAL LIBRARY** | ☒ NORMAL (White and Other) |
| ☒ NO VISITING DAY | ☒ NORMAL (White and Other | ☒ NO RELIGIOUS SERVICES (black & Hispanic) |
| ☒ OTHER: Family visiting normal. | ☒ APPROVED COURT DEADLINES (black and Hispanic) | ☐ MODIFIED: |

**REMARKS:** On 10/27/05 information was received that there is racial tention between Black and Hispanic inmates in general population. North Block Black and Hispanic inmates will continue to be on Modified Program pending the interviewing process and investigation. This Modified Program report is effective October 31, 2005 through November 1, 2005.

| PREPARED BY: | DATE | NAME/SIGNATURE (WARDEN) | DATE |
|---|---|---|---|
| V. Kelley, Facility Captain (A) | 10/31/05 | S. W. Ornoski, Warden (A) | 10/31/05 |

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS

## PROGRAM STATUS REPORT
## PART B – PLAN Of-OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE OF PLAN | PROGRAM STATUS NUMBER: |
|---|---|---|
| SAN QUENTIN STATE PRISON | October 27, 2005 | SQ-III-05-130 |

[ ] NORMAL PROGRAM    [X] MODIFIED PROGRAM    [ ] LOCKDOWN    [ ] STATE OF EMERGENCY

[X] INITIAL    [ ] UPDATE    [ ] CLOSURE

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| [ ] INSTITUTION | [ ] ALL | [ ] BATTERY |
| [X] FACILITY: Unit III | [X] BLACK | [ ] DEATH |
| [X] HOUSING UNIT: North Block | [ ] WHITE | [ ] RIOT / DISTURBANCE |
| [ ] VOCATION: | [X] HISPANIC | [ ] GROUPING |
| [ ] EDUCATION: | [ ] OTHER | [X] OTHER: Possible tension between Black & Hispanic inmates. |
| [ ] OTHER: | [ ] | |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| [X] NORMAL (Whites and Others) | [X] CRITICAL WORKERS | [X] NORMAL (Tier) Whites and Others |
| [ ] ESCORT ALL MOVEMENT | [X] CULINARY: (White and Other in H-Unit Culinary) | [X] NO TIER ACTIVITIES Black and Hispanic |
| [ ] UNCLOTHED BODY SEARCH PRIOR TO ESCORT | [X] CLERKS (White and Other within H-Unit) | [ ] MODIFIED: Not applicable |
| [X] CONTROLLED MOVEMENT (Blacks & Hispanics) | [ ] VOCATION/EDUCATION | **RECREATION** |
| [ ] OTHER: | [X] CANTEEN (White and Other only) | [X] NORMAL (Whites and Others) |
| | [X] CLOTHING ROOM (White and Other only) | [X] NO RECREATIONAL ACTIVITIES (Blacks and Hispanics) |
| **FEEDING** | [ ] RESTRICTED WORK PROGRAM | [ ] MODIFIED: |
| [ ] NORMAL | [X] PORTERS (White and Other) | |
| [ ] CELL FEEDING | [X] NO INMATE WORKERS (Black & Hispanic) | **CANTEEN** |
| [X] CONTROLLED FEEDING IN DINING ROOM | **SHOWERS** | [X] NORMAL (Whites and Others) |
|   [ ] HOUSING UNIT/DORM AT A TIME | [ ] NORMAL | [X] NO CANTEEN (Blacks and Hispanics) |
|   [ ] DORM POD AT A TIME | [ ] ESCORTED | [ ] MODIFIED: Under Escort |
|   [X] TIER AT A TIME B separate from H | [ ] ONE INMATE PER SHOWER – OWN TIER | |
|   [ ] HOUSING UNIT SECTION AT A TIME | [ ] CELL PARTNERS TOGETHER – OWN TIER | **PACKAGES** |
| [ ] SACK MEAL BREAKFAST | [ ] DORM SHOWERING BY GROUP | [X] NORMAL (Whites and Others) |
| [X] SACK MEAL LUNCH | [ ] CRITICAL WORKERS ONLY | [X] NO PACKAGES (Blacks and Hispanics) |
| [ ] SACK MEAL DINNER | [X] NO SHOWERS | [ ] MODIFIED: |
| **DUCATS** | **MEDICAL** | |
| [X] ALL DUCATS HONORED (Black & Hispanic escort separately) | [X] NORMAL MEDICAL PROGRAM (Blacks and Hispanics under escort) | **PHONE CALLS** |
| [ ] MEDICAL DUCATS ONLY | [ ] PRIORITY DUCATS ONLY | [ ] NORMAL |
| [ ] CLASSIFICATION DUCATS | [ ] MTA CONDUCT ROUNDS IN UNITS | [X] NO PHONE CALLS |
| [ ] PRIORITY DUCATS ONLY | [ ] INMATES ESCORTED TO SICK CALL | [ ] MODIFIED: |
| **VISITING** | [ ] EMERGENCY MEDICAL ONLY | |
| [X] NORMAL VISITING (Whites and Others) Blacks and Hispanics escorted | [ ] OTHER: | **RELIGIOUS SERVICES** |
| [ ] NON-CONTACT ONLY | | [ ] NORMAL |
| [ ] NO VISITING | **LEGAL LIBRARY** | [X] NO RELIGIOUS SERVICES |
| [X] OTHER: FAMILY VISITING NORMAL | [ ] NORMAL SHU Library | [ ] MODIFIED: |
| | [X] APPROVED COURT DEADLINES | |

REMARKS: On Wednesday, October 27, 2005 information was received that there is racial tension between the Black and Hispanic inmates in H-Unit. H-Unit Black and Hispanic inmates will remain on modified program pending review of the tension to ascertain the cause and interview process.

| PREPARED BY | DATE | NAME / SIGNATURE WARDEN | DATE |
|---|---|---|---|
| R. Egan, CORRECTIONAL LIEUTENANT | 10/27/05 | S. W. ORNOSKI, WARDEN(A) | 10/27/05 |

DECLARATION OF SERVICE BY MAIL

CASE NAME: GREGORY TABAREZ vs. JAMES TILTON, et al.,

CASE NO.:    C 07-4920 JF (PR)


I, <u>Michael Sanchez</u>, declare that I am over the age of eight-teen (18) years; I am/am not a party to the attached action; I served the attached documents entitled:    OPPOSITION TO THE DEFENDANTS NOTICE OF MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS

on the persons/parties specified below by placing a true copy of said documents into a sealed envelope with the appropriate postage affixed thereto and surrendering said envelope(s) to the staff of the California Department of Corrections and Rehabilitation Facilities entrusted with the logging and mailing of inmate legal mail addressed as follows:
    OFFICE OF ATTORNEY GENERAL
    OF CALIFORNIA SDA Trace O. Mariorino
    455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004


There is First Class mail delivery service by the United States Post Office between the place of mailing and the addresses indicated above. I declare under the penalty of perjury under the laws of the United States and the of California that the foregoing is true and correct and that I executed this service this __6__ day of <u>September 2008</u>, in <u>Susanville State Prison</u> California.

_____
Declarant



MR. GREGORY TABAREZ
CDCR ID # C-22746; L2-143L
P.O. BOX 2210
SUSANVILLE, CA 96127-2210



TO: U.S. NORTHERN DISTRICT COURT OF
CALIFORNIA SAN JOSE DIVISION
280 S. First Street, #2112
San Jose, CA 95113-3008



$ 05.00

Legal mail    9-5-08    c/o Atkins

Reviewed for Legal Content    9-5-08
c/o J. Atkins
Staff name (print & sign)